### DENNIS, A SLAVE, *vs.* THE STATE.

The omission to state, in an indictment for a capital offence, that the grand jury were sworn and charged for the county, is cured by verdict, by statute, even if it was not at common law.

Two or more may be jointly indicted as principals, for the commission of rape.

On the 30th of September, 1842, there was a law in force, punishing the crime of rape, when committed by a negro, with death.

Dennis, a slave, *vs.* The State.

THIS was an indictment against Jeduthan Day, a white man, and Frank and Dennis, negro slaves, for rape, tried in the Crawford Circuit Court, in May, 1843, before the Hon. RICHARD C. S. BROWN, one of the circuit judges. The indictment charged all as jointly guilty, and alleged the rape to have been committed on the 30th September, 1842. Verdict of guilty as to all, and motion in arrest of judgment, on the grounds, *First,* that the indictment does not state the grand jury were sworn and charged for the body of the county. *Second,* that the indictment charges the joint perpetration of the act. *Third* and *Fourth:* there was no law in force to punish a slave for rape, on the 30th Sept., 1842; and if there then was, it had been repealed. Motion sustained as to Day, and overruled as to Frank and Dennis, whose counsel filed a bill of exceptions, containing nothing but what appeared on the record. Sentence of death against them, and error.

The case was argued here by *Pike & Baldwin,* for plaintiff in error, and *Hempstead,* contra.

*By the Court,* LACY, **J.** The first objection to the indictment is, that it is defective in not stating that the grand jury were sworn and charged for the county of Crawford. This defect, even if it be one after verdict at common law, is expressly cured by our statute of amendments, which enacts "that no indictment shall be deemed invalid or quashed, nor shall the trial, or judgment, or other proceedings therein, be stayed, annulled, or in any manner affected by reason of any defect or imperfection in matters of form which shall not be to the prejudice of the defendant. *Rev. St.* 30, *chap. XIV, sec.* 102. The defect relied on here in arrest of judgment, is unquestionably a matter of form, which could not, on the trial, by any possibility, have prejudiced the rights of the defendant. The issue to be tried was a question of guilt or innocence between the State and the accused; and this could in no manner have been affected by the indictment omitting to state in its caption that the grand jury were sworn and charged for the body of the county in which it was found. Besides,

this omission was supplied by other parts of the record positively asserting that fact on the rolls, which cannot be contradicted.

The second objection taken to the indictment is, that it charges all of the defendants as principals in the joint perpetration of the crime alleged, instead of each one of them with a separate and distinct offence. This objection is wholly untenable. Where several persons join in the commission of a crime of any aggravated character, such as treason, murder, rape, and the like, and all present aiding and abetting, the law holds them to be principals in the offence, and equally guilty. They may be jointly or separately indicted at common law; for while they are all being guilty as joint perpetrators, they are equally guilty as separate offenders. No injustice can flow from either mode of proceeding. Upon joint indictments, the defendants will be entitled to separate trials, if they show a good cause for such severance. 2 *Hale,* 173. 2 *Hawkins, P. C., chap.* 25, *sec.* 89. In cases of felony, where several are present, aiding and abetting, they may all be joined in the same indictment, and some one of them may be charged as actual perpetrator of the crime, and the others as aiders and abettors; still, they will all be held guilty as principals, and punished accordingly. 2 *Haw. P. C., ch.* 25, *sec.* 64. 1 *Leach,* 64, 359. And by our statute, when two or more persons are charged with having committed the same offence jointly, all concerned shall be included in the indictment, but they may sever in the trial. *Rev. St., chap. XLV, sec.* 100.

This brings us to the third and last exception urged against the indictment, which is, that there was no law in force punishing a slave for rape at the time the offence was alleged to have been committed. Before we dispose of this point, it may not be amiss to remark that the judge's certificate who tried the cause, and which purports to have been signed as a bill of exceptions, constitutes no part of the record, and therefore it cannot be noticed. The case then stands simply on the indictment, verdict, and motion in arrest of judgment. The indictment charges that the offence was committed on the 30th day of September, A. D. 1842, and the verdict is an affirmative answer to this allegation. The case stands precisely as it would be presented if there was a demurrer to the indictment; which, of course, admits

Dennis, a slave, *vs.* The State.

the offence to have been done on the day charged. The motion, then, in arrest of judgment, directly raises the question whether or not on that day there was any law in force punishing a slave capitally for the crime of rape. Upon this point, we entertain not a shadow of doubt.

By an act of the Revised Statutes, approved 16th February, A. D. 1838, and which was afterwards put into operation by the proclamation of the Governor, it was declared, " that any person convicted of the crime of rape, should suffer the punishment of death." The act, in respect to the punishment of the offence, made no distinction between the case of a white man and slave. A subsequent act of the Legislature, passed 17th December, 1838, made distinction as to the punishment. It enacted that, whenever a white man should be convicted of the crime of rape, he should suffer punishment for the offence, by confinement for a term of years in the jail and penitentiary house of the State. The act excepts the case of a slave out of this provision, and affirms that, whenever a slave is convicted of the crime of rape, he shall suffer the punishment of death. The first section of the act of the last Legislature, approved 14th December, 1842, declares, " that all persons convicted of the crime of rape, shall suffer the punishment of death." The second repeals all laws inconsistent with the provisions of the first section. The inquiry then is, what laws were inconsistent with this provision. The answer is at hand, and cannot be mistaken. So much of the act of December, 1838, as changed the punishment of rape, when committed by a white man, from death to confinement in the jail and penitentiary. This is the only law inconsistent with the provisions of the act of 14th of December, 1842; and this the second section of the last act expressly repeals. This last act, so far from repealing the old law or first act in regard to the penalty, re-enacts its present provisions, and declares in all cases the punishment for the crime of rape shall be death; which had always been the case upon conviction of a slave, by all the statutes passed on that subject. The motion on this point, as well as on the other taken to the indictment, was properly overruled.

Judgment affirmed; and the judge who tried the cause directed to

issue his warrant to the sheriff for the execution of the prisoner, agreeably to law.