## CAMPBELL'S Executor *v.* LINDLEY.

The entry of a claim by the clerk on the appearance docket, is all the notice required by law, to be given of its pendency against an estate.

A ground for the review and setting aside of a judgment which is not brought to the attention of the Court below, will not be considered in this Court.

APPEAL from the *Washington* Common Pleas.

DAVISON, J.—This was a proceeding by *Samuel L. Campbell,* executor of the last will, &c., of *David G. Campbell,* deceased, against *William Lindley,* for a review, &c. The affidavit upon which the proceeding is based, assumes the form of a complaint, and alleges these facts: On the 23d of *January,* 1858, *Lindley* filed in the clerk's office of said Court a certain promissory note, as a claim against the estate of the decedent, which note was by him, while in life, executed as surety for one *Robert H. Campbell.* The note reads thus: "Two years after date, we or either of us, promise to pay to *William Lindley,* or order, 800 dollars, value received. Interest from date, payable annually. Dated *January* 1, 1849. (Signed,) ROBERT H. CAMPBELL, DAVID G. CAMPBELL, Surety." On the 23d of *July,* 1858, judgment was rendered by said Court upon this note, against the decedent's estate, for 913 dollars. Affiant had no knowledge or notice of any kind, of the filing of the claim in the clerk's office, or of the subsequent proceedings thereon, or of the rendition of judgment therein—being all that time in the Territory of *Nebraska* and other places; nor did the clerk of said Court, either verbally or by mail, or in any other manner, ever give him notice of such claim being on file; nor had he any knowledge whatever of the existence of said judgment, until the *October* term of said Court, in the year 1854. At that term he could get no attorney to institute proceedings to open up the judgment, and he now, at the next term, viz: the *January* term, 1860,

Campbell's Executor *v*. Lindley.

commences proceedings herein. Affiant believes he has a good and sufficient defence to the note, so far as the decedent's estate is concerned. A copy of the proceedings which resulted in the judgment is filed with the complaint. By them it does not appear that an affidavit, alleging "that the note was just and wholly unpaid," was filed in the cause. It is alleged that *Lindley* is about to institute a suit against this affiant on his bond as executor, &c. The relief sought, is that the proceedings in said case be reviewed—that the judgment be set aside—that affiant be allowed to defend, &c.—and that *Lindley* be enjoined from proceedings on said bond, until the complaint, for the review, &c., is disposed of, &c. Demurrer to the complaint sustained, and final judgment given for the defendant.

For a reversal, the appellant, in his brief, assumes two grounds. 1. The claim against the estate was not, after it was filed, presented to the executor, nor was he, in any mode known to law, notified of the filing of the claim, or of its pendency in the Court. 2. The judgment on the note is not against the executor, as executor, but against him personally. To sustain the first position, the appellant refers to sec. 65, 2 R. S. p. 261; but that section was amended by an act approved *February* 20, 1855, so as to read as follows: "The clerk of the proper Court shall enter upon the appearance docket of the same a list of all claims filed against any estate pending therein, which list shall be all the notice necessary to be given of the filing of the same." Acts 1855, sec. 1, p. 81. There is then nothing in the first assumed position; and to the second it may be answered, that it is not one of the grounds taken in the complaint—does not appear to have been brought to the notice of the lower Court, and consequently can not be urged as cause for reversal in this Court.

*Per Curiam.*—The judgment is affirmed, with costs.

*C. L. Dunham* and *Horace Heffren*, for the appellant.

*Randall Crawford*, for the appellee.