Wade v. The State.

## WADE v. THE STATE.

No. 9016.

CRIMINAL LAW —*Murder.— Instruction.—Reasonable Doubt.—Reasonable Belief.*—On the trial of a defendant, on an indictment for murder, the court instructed the jury, that "Facts and circumstances to be considered against the accused must be proved to be true beyond all reasonable doubt; and those tending in his favor need only be proved by evidence sufficient to cause a reasonable belief of their truth."

*Held,* that the instruction, both as a whole and as to each branch thereof, was erroneous.

SAME.—*Evidence.*—The evidence necessary to raise a reasonable doubt of the defendant's guilt need not be strong enough to establish a reasonable belief of his innocence.

SAME.—*Applicability of Rule as to Reasonable. Doubt.*—The doctrine of reasonable doubts, as a rule, has no proper application to mere matters of subsidiary evidence, taken item by item, but is applicable always to the constituent elements of the crime charged, and to any fact, or group of facts, which may constitute the entire proof concerning any of the constituent or elementary facts.

SAME —*Accessory Before and After.*—An accessory before the fact may, but an accessory after the fact can not, be convicted under an indictment for murder.

SAME.—*Presence of Accused at Time and Place of Commission of Crime.*— It was error, on such trial, to refuse to instruct the jury, on the request of the defendant, that "The defendant admits that he was present at the time and place of the homicide; but, although he was present, and even knew that the offence was being committed, still that constitutes no guilt in law; and, unless the proof goes further, and shows beyond a reasonable doubt that he was participating in the homicide before or at the time of its commission," he is not guilty.

SAME.—*Evidence as to Acts of Accused after Crime.*—On the separate trial of a defendant indicted jointly with another for murder, he asked the court to instruct the jury, that "If the proof failed to show beyond a reasonable doubt that the defendant" on trial "participated in the homicide, then whatever acts he did after its commission by" his co-defendant "would not establish his guilt."

*Held,* that the instruction asked was properly refused.

*Held,* that the jury could properly consider his acts after the homicide as evidence tending to establish his guilt.

ELLIOTT, J., dissents.

From the Marion Criminal Court.

*I. Herr, D. S. Alexander* and *J. W. Gordon*, for appellant.
*D. P. Baldwin*, Attorney General, and *J. B. Elam*, Prosecuting Attorney, for the State.

WOODS, J.—The appellant was indicted jointly with Mary Brown, for the murder of John Brown, and, upon a separate trial, was found guilty and sentenced to be hung. Among the instructions given by the court of its own motion to the jury, the sixth was as follows:

"6. Facts and circumstances to be considered against the accused must be proved to be true beyond all reasonable doubt. And those tending in his favor need only be proved by evidence sufficient to cause a reasonable belief of their truth."

It is urged upon us with great force of argument and illustration, that the second branch of this instruction is wrong. It is conceded, indeed insisted, by counsel for the appellant, that the definition of proof required of the prosecution, by the first branch, is correct, and that the second branch is inconsistent therewith, and must, therefore, be wrong.

The inconsistency of the two propositions is plain. They are not reconcilable with each other, and in our judgment neither of them is reconcilable with sound reasoning, or with the best definitions contained in well considered cases. If the instruction be considered as having reference to the essential elements of the crime charged, to the facts which must have existed in order to constitute the guilt of the accused, the first branch is correct; for it can not be disputed that these elements, the constituent facts of the crime, must all have been "proved to be true beyond all reasonable doubt." This must be so, or the doctrine of reasonable doubts must be abandoned.

But it is clear that this instruction, the first branch of it at least, was not given with reference to the elementary and essential facts of guilt charged in the indictment; the

Wade v. The State.

words used show that the court had in mind, and intended to direct the mind of the jury, to mere matters of evidence, introduced for the purpose of showing the alleged and essential facts ;—the subsidiary, and not the primary, " facts and circumstances to be considered against the accused." This is, to say the least, the more obvious application of the instruction, and the one which in all probability the jury made of it. This view is strengthened by the fact that the court gave other instructions to the effect that the ultimate fact of guilt, and each element of the charge necessary to constitute that guilt, must be established by proof which admitted of no reasonable doubt. But it is not and can not be true in a criminal trial, that " facts and circumstances to be considered against the accused must be proven to be true beyond a reasonable doubt." On the contrary, it may be, and in many cases has been and will be, enough, if such facts and circumstances be proved by " evidence sufficient to cause a reasonable belief of their truth." To illustrate : Malice and premeditation are essential ingredients in the crime of murder in the first degree. The proof of these of course is various, according to the circumstances of different cases. It often consists in proof of declarations of the accused, made at the time of, before or after the homicide The proof may consist of declarations claimed to have been made at different times and places. Each declaration may be evidenced by the testimony of a single witness. Each witness may be to some extent discredited, and a reasonable doubt thrown on his testimony, standing alone, and yet the combined effect of the testimony of all the witnesses may constitute proof beyond a reasonable doubt of the alleged ultimate fact of malice or premeditation. While the testimony of each of these witnesses, standing by itself, is in some degree doubtful, yet, all viewed together, though each has reference to a declaration distinct from all the others, they become

mutually corroborative, and constitute, within the meaning of the criminal law, indubitable proof of the final inference. The human mind is so constituted that such proofs have this effect upon it, and any rule of evidence which forbids the results of natural logic and practical experience can not be well founded. An illustration equally forcible is furnished in the question of the presence at, or absence of the accused from the place at the time of the homicide or other offence charged. A number of witnesses may each testify to having seen the accused at or near the place, at or near the time of the commission of the crime. Each witness speaks independently of every other, and saw the accused at a different time, near or far, from the times when he was seen by the other witnesses, and the testimony of each witness is shown to be in some degree and for some reason doubtful. Now, the seeing and recognition of the accused at the place testified to by each witness, just like the declarations in the first supposition, are facts to be considered against the accused, but they are not each, nor any of them when considered separately, proven true beyond reasonable doubt, as required by the instruction. Must the jury be directed to take the evidence of the State, piece by piece, and reject every part in which a flaw may be found? It is good military strategy to divide and conquer. It is not a sound or just rule which requires the prosecution in a State case to make a voluntary division of its forces so that they may be beaten in detail. To illustrate the fallacy of this part of the instruction further: It is a common figure of speech, used especially in reference to circumstantial evidence, to call it a chain, and to say that no chain is stronger than its weakest link, and the argument is made, that, if any link in the chain of evidence drawn around the accused is made reasonably doubtful, the accused must be acquitted on account of the doubt. If the evidence were indeed a chain,

united link by link, the reasoning would be logical and the conclusion inevitable ; but rarely, if ever, is there any logical, whatever may be the rhetorical, propriety in calling the evidence a chain, each link of which is necessary to and, though the weakest, the measure of the strength of the whole.

It is ordinarily the concurrence of the proofs which produces conviction of the truth of a proposition resting on circumstantial evidence, and it often may be that any one or many of the concurrent facts may be shown to be somewhat doubtful, or may be eliminated entirely, without impairing the soundness of the conclusion.

This consideration of the first branch of the instruction is proper, because its correctness has been assumed as a basis for argument against the second branch as inconsistent therewith.   We concede the force of the argument, especially if the instruction be considered as referring to the constituent facts or necessary elements of the crime of which the accused was convicted.   The apparent, and indeed the necessary, meaning of the second branch of the instruction is, that the jury should consider as tending in favor of the defendant only such facts and circumstances as were "proved by evidence sufficient to cause a reasonable belief in their truth."   It may be inferred, perhaps, that the court meant to say that it was *enough* if proved by such evidence, to entitle them to be considered ; but, while that would be less objectionable, it would imply the same error as is expressed in the instruction as given. The instruction as given is equivalent to saying that the facts and circumstances in favor of the defendant " need," that is must, be proved by evidence sufficient to cause a reasonable belief in their truth.   That is to say, if he claimed to have been irresponsible on account of insanity, he must have produced evidence enough to create a reasonable belief of his insanity ; but it is well settled that

if there was a reasonable doubt of his mental soundness, he was entitled to an acquittal.

We are brought face to face with this question :   Does it require the same degree of proof to raise a reasonable doubt as is necessary to create a reasonable belief? The defendant, if shown to have reached the years of responsibility, was presumed to be sane, but it is conceded that, if he could raise a reasonable doubt of his sanity, he must go acquit; but, in order to raise that doubt, must his evidence be so strong as to create a reasonable belief that he was insane ?   A reasonable belief in his insanity could not exist, unless there was a preponderance of the evidence in that direction, strong enough to overcome the presumption of sanity, as well as such other evidence as there may have been tending to show his soundness of mind ; but it is certainly not true tha  a preponderance of the evidence is necessary to create a reasonable doubt.   To so hold would be to abolish the distinction between criminal and civil cases as to the  degree of proof required in order to establish any affirmation.   This much as to the instruction, if applied to the necessary or constituent facts of the crime.

As already stated, the instruction has much more obvious application to the subsidiary facts and circumstances in proof, which only tended to establish or to dispute, but in no proper sense to constitute, the elements of guilt.   So applied, we think the instruction was erroneous.

If the defendant's proof was such as to create a reasonable doubt of any fact which, if shown to exist, would tend in his favor, he had a right to have the jury consider that fact, so put in doubt, for all it was worth ; consider it indeed, not as proven to exist, but as possibly existing, the possibility greater or smaller, according to the force of the evidence offered, having by itself perhaps little weight, but, in connection with other facts proven or put in doubt, enough to break the force of the contrary proofs.

Wade *v.* The State.

Without prolonging the argument, we are led to declare the conclusion, that the doctrine of reasonable doubts, as a rule, has no proper application to mere matters of subsidiary evidence, taken item by item, but is applicable always to the constituent elements of the crime charged, and to any fact or group of facts which may constitute the entire proof concerning any of the constituent or elementary facts. A single fact may sometimes become controlling, and, guilt depending on it, should be established beyond reasonable doubt, or disregarded.

In the first instance, the judge decides on the competency of the evidence, and this decision is made without reference to the strength or weakness, certainty or doubtfulness thereof. Such considerations are for the jury only; and the judge has no more right, by instruction, to say that an item of evidence, a fact or circumstance, shall not be considered, than he would have had to exclude it from the jury in the first instance, because doubtful. A witness often says that he is doubtful of his accuracy—for instance, as to the identification or recognition of a person, but his testimony on the point is, nevertheless, admissible, and is to be considered by the jury for its worth, as they shall estimate its worth in connection with other evidence.

It is claimed that the court erred in refusing certain instructions, which were asked to be given on behalf of the defendant, and instructions numbered 8, 18 and 19, are especially pressed upon our attention.

The eighth was properly refused. It closes with this proposition: That, " under the indictment for murder, the defendant may be convicted of the crime of being an accessory after the fact." This is not so. An accessory before the fact may be charged and convicted as a principal. 2 R. S. 1876, p. 388, sec. 66, and p. 447, sec 49. But it is evident that the charge of the principal offence does not include the offence of an accessory after the fact.

The eighteenth instruction asked was as follows: "The defendant admits that he was present at the time and place of the homicide. But, although he was present, and even knew that the offence was being committed, still that constitutes no guilt in law; and unless the proof goes further and shows beyond a reasonable doubt, that he was participating in the homicide before or at the time of its commission, then he is guilty of no offence, and you should find him not guilty." It was error to refuse this instruction. *Clem* v. *The State*, 33 Ind. 418.

The nineteenth instruction refused was as follows: "If the proof fails to show beyond a reasonable doubt, that defendant participated in the homicide, then whatever acts he did after its commission by Mary A. Brown would not establish his guilt of the offence charged against him, and you should find him not guilty," etc.

This instruction, while possibly correct on a close and literal analysis, is well calculated to produce a false impression on the minds of the jurors, namely, that the acts he did after the commission of the murder were not to be treated as evidence of participation in the crime by him. His subsequent acts may have been deemed by the jury to be strong proofs of his guilt as charged, and they unquestionably had a right to give them some weight in this direction. Because of its being so worded as likely to mislead the jury in this respect, it was properly refused. If, instead of the word "establish," the word "constitute" had been used in this instruction, it would, perhaps, have been free from objection.

There are other questions discussed in the briefs, but they are not novel, and may not arise again.

For the errors indicated the judgment is reversed, and the cause remanded, with instructions to grant the defendant a new trial.

Elliott, J., dissents.