## THE STATE V. CASFORD.

1. **Rape:** INDICTMENT. An indictment for rape charged that the defendant "feloniously" made an assault upon the prosecutrix, and did then and there ravish and carnally know her, forcibly and against the will of the prosecutrix. *Held* that the consummation of the offense was sufficiently charged, although the word feloniously was not repeated in connection with the charge of ravishing and carnally knowing.

2. ———: ———: AGE OF PROSECUTRIX. An indictment for rape alleged that the female was over ten years of age. At the time the offense was committed the age of consent was, by statute, thirteen years. The indictment was in the form required when the female has passed the age of consent. The trial was had upon this theory, evidence of non-consent was introduced, and the jury was charged that there could be no conviction unless the act was accomplished by force and against the will of the prosecutrix. *Held* that the mistake in alleging that the prosecutrix was over ten years of age—the former age of consent—instead of thirteen, was not, under the circumstances, prejudicial to defendant. (See Code, sec. 4306.)

3. ———: CHARGING JURY AS TO MINOR OFFENSES: ERROR WITHOUT PREJUDICE. The failure of the court, on a trial for rape, to charge the jury that the defendant might be found guilty of a simple assault, among other minor offenses named in the charge, was not prejudicial, where the evidence showed that he was either guilty of rape, or not guilty of any crime.

*Appeal from Keokuk District Court.*—HON. J. K. JOHNSON, Judge.

FILED, DECEMBER 21, 1888.

THE defendant was indicted, tried and convicted of the crime of rape, and he appeals.

*Mackey & Stockman,* for appellant.

*A. J. Baker,* Attorney General, for the State.

ROTHROCK, J.—I. The following is a copy of the material averments of the indictment: "The said

The State v. Casford.

**1. RAPE: indictment.** Jennings Casford, at the county of Keokuk, and state of Iowa, on the seventeenth day of June, 1887, did with force and arms, at the county aforesaid, in and upon one Mary Jane Lewis, unlawfully, wilfully and feloniously, make an assault, and did then and there ravish and carnally know the said Mary Jane Lewis, forcibly and against the will of said Mary Jane Lewis, the said Mary Jane Lewis then and there being a female over the age of ten years; contrary to and in violation of law." In motions for a new trial and in arrest of judgment one cause assigned was that the indictment did not charge the crime of rape, for the reason that it did not charge that the act was feloniously done. It will be observed that the charge is that the assault was "unlawfully, wilfully and feloniously made," but none of these words are repeated and specifically applied to the act by which the crime was consummated. But it was charged that the prosecutrix was ravished and carnally known by the defendant, forcibly and against her will. This constitutes the crime of rape. If the assault was felonious and the rape was accomplished at the time, the fact that the word "felonious" was not repeated, ought not to be held as a fatal objection to the indictment.

II. The age of the prosecuting witness was stated in the indictment to be over ten years. This was the **2. ——:——: age of prosecutrix.** age of consent fixed by section 3861 of the Code. By chapter 114, Laws Twenty-first General Assembly, the age of consent was changed to thirteen years. This last statute was in force when the alleged crime was committed. It will be observed that the indictment is in the form required where the female has passed the age of consent. The trial was had upon this theory. Evidence of non-consent was introduced, and the jury was charged that there could be no conviction unless the act was accomplished by force and against the will of the prosecutrix. It is claimed that this mistake in alleging that the prosecutrix was aged over ten years, instead of thirteen years, was a fatal defect in the indictment. In view of

the charge made in the indictment and the record in the case, it cannot justly be said that this mistake in any manner prejudiced the defendant, It is true that counsel for the defendant have cited authorities which hold that these are fatal defects. But under section 4306 of the Code the authorities are not applicable to an indictment in this state. It is very plain that these defects did "not tend to the prejudice of the substantial rights of the defendant upon the merits."

III. The court charged the jury that under the indictment the defendant might be found guilty of a rape, an assault with intent to commit a rape, or an assault and battery. It is claimed that the jury should also have been instructed that the defendant might be convicted of a simple assault. We do not think there was any prejudice to the defendant in the omission to so charge. There was no evidence to authorize a finding that the defendant was guilty of a simple assault. He was guilty of a rape, or not guilty of any crime. See *State v. Cole*, 63 Iowa, 695.

3. ——: charging jury as to minor offenses: error without prejudice.

IV. Objections are made to several paragraphs of the charge to the jury. The law applicable to the crime charged, and the evidence necessary to convict, are quite plain, and we fail to find any ground for disturbing the judgment for errors in the charge to the jury. It is claimed that one of the instructions is founded upon a state of facts upon which there is no evidence; that another is erroneous because it does not correctly state the law as to the corroborating evidence necessary to convict. We do not think these objections are well founded. Indeed, it appears to us that the charge is free from any valid objection.

V. Certain objections are made to the rulings of the court on the admission and exclusion of evidence. We discover no error in them, and we think it is not necessary to consider them in detail. Taking the record throughout, it appears to us that all of the rulings of the court were fair, and that the cause was conducted throughout, and submitted to the jury, in such a manner

as to be without valid complaint on the part of the defendant.

VI.　It is insisted that the verdict is contrary to and not supported by the evidence.　The prosecutrix was aged from thirteen· to fourteen years when the alleged crime was committed, and the defendant was between sixteen and seventeen years of age.　If the testimony of the prosecutrix is true, the crime was a most atrocious one.　The defendant is a mere boy, and we can appreciate the zeal of counsel in his behalf.　But we cannot say that the verdict is not supported by the evidence.　The learned and experienced judge who tried the case appears to have been of opinion that the evidence was sufficient.　He saw and heard the witnesses and the parties, and was much better able to determine whether this mere boy should be punished by imprisonment in the penitentiary than this court can be.　Our conclusion is that the judgment of the district court must be

AFFIRMED.