## PEOPLE *v.* PURCELL.

*(Court of General Sessions, New York County.* November, 1891.)

FORMER JEOPARDY.
   An acquittal on a charge of assault and battery is a bar to an indictment for rape, where both charges are based on the same transaction.

Andrew Purcell, having been acquitted on October 9th in the court of special sessions on the complaint of assault and battery made against him by Minnie Hennessey, was afterwards indicted by the grand jury of the crime of rape committed on the said Minnie Hennessey. The two charges grew out of the same transaction, at the same time and place, no additional assault being alleged. The defendant pleaded his former acquittal.

*Robert Townsend*, Asst. Dist. Atty., for the People. *F. J. Keller*, for defendant.

FITZGERALD, J., (*charging jury.*) I have given this case very careful consideration, and have examined such authorities as my attention has been called to by the learned counsel representing the defendant and the learned assistant district attorney, and I have made such investigation as it was possible for me to make during the time this matter has been under my consideration. It is conceded that this indictment is based, in part, upon a statement of facts which formed the ground for a complaint against the defendant, charging him with the commission of a misdemeanor,—assault in the third degree; and, furthermore, that he was tried and acquitted of the said assault in the court of special sessions. This complaint, subscribed and sworn to by the prosecutrix, is part of the record, and charges only an assault in the third degree. An indictment for rape necessarily includes an allegation of assault. The concession of the prosecution that the two accusations grew out of the same criminal act leaves no facts in controversy to be determined by the jury, but devolves a question of law upon the court. The district attorney admits that there was but one assault committed, and that some of the circumstances upon which he must rely to establish the truth of the allegations in this indictment formed the subject-matter of the inquiry upon the former trial. Assault is an essential element in rape, and a learned commentator, discussing the question whether the conviction or acquittal upon an indictment covering one of the smaller crimes included within a larger will bar fresh proceedings for the larger, proceeds to say: "If it will not, then the prosecutor may begin with the smallest, and obtain successive convictions, ending with the largest; while, if he began with the largest, he must there stop,—conclusion repugnant to good sense. Besides, as a larger includes a smaller, it is impossible one should be convicted of the larger without being also convicted of the smaller; and thus, if he had been found guilty or not guilty of the smaller, he is, when on trial for the larger, in jeopardy a second time for the same, namely, the smaller, offense." 1 Bish. Crim. Law, (7th Ed.) § 1057. That is the reasoning of Bishop, reviewing these cases that have been referred to on both sides of this argument, and laying down such general rules as it was possible to lay down for the guidance of courts governing these matters. Chief Justice PIERSON says: "There is considerable conflict in the authorities upon this subject, but we think the rule is now well established that when one offense is a necessary element in, and constitutes an essential part of, another offense, and both are in fact but one transaction, a conviction or acquit-

tal of one is a bar to the prosecution for the other." *State* v. *Smith*, 43 Vt. 324; *Reg.* v. *Erlington*, 9 Cox, Crim. Cas. 86. Nor can the contention of the prosecution, that the court in which the former trial was had had not jurisdiction to try a felony, be of any avail. It was a court of competent jurisdiction, to determine the guilt or innocence of the defendant upon the accusation made then against him by the prosecutrix. The complaint in one case and the indictment in the other set out offenses which relate to one transaction. It is true that one contains more of criminal charge than the other, but upon it there could be a conviction of what is embraced in the other. This brings the offenses, though of differing names, within the constitutional protection from a second jeopardy. There are some exceptions to this general rule, as where death would result after conviction of an assault, "but the new element of the injured person's death is not merely a supervening aggravation; it creates a new crime." *Stewart's Case*, 5 Irv. 310. I therefore instruct you, gentlemen of the jury, to find, upon the special plea interposed here, a verdict for the defendant.