## THE PEOPLE v. DIBBIE HARRIS.

*Criminal law—Preliminary examination—Waiver—Rape—Evidence—Conviction of lesser offense—Instructions to jury.*

1. By waiving a preliminary examination, and pleading not guilty to the information filed upon the return of the magistrate showing such waiver, a respondent waives the objection that no witnesses having knowledge of the facts were examined prior to the issuing of the warrant.

2. It was a wise exercise of discretion to refuse to permit the respondent to withdraw his plea for the purpose of making a motion to quash, based upon said objection; it appearing that before the first trial, upon which the jury disagreed, a motion to quash was denied; that the request of the respondent, made during the same term of court, for leave to withdraw his plea for the purpose of renewing his motion to quash, was refused by the court; and that the second like request, the refusal of which is complained of, was made at the succeeding term of court, and after the people had prepared the case for trial.

3. In a prosecution for having carnal knowledge of a girl under the age of 14 years, evidence that the respondent had had sexual intercourse with her on an occasion previous to that fixed as the one upon which the offense was committed is properly excluded.[1]

4. The testimony showed that either the complete offense was committed, or no offense at all, and the respondent's counsel adopted this view of the case, as evidenced by his requests to charge. And it is held that error cannot be assigned upon the failure of the court to instruct the jury that the respondent might be convicted of assault, or assault with intent to commit the crime of rape.[2]

5. The circuit judge, in his charge, made no allusion to the fact that a quarrel had occurred between the respondent and the girl prior to the making by her of the complaint. And it is held that, in the absence of a request for such an instruction,

---

[1] See *People v. Abbott,* 97 Mich. 484, 486.

[2] See *People v. Abbott,* 97 Mich. 484; *People v. Repke,* 103 Id. 459.

the general charge of the court that "the jury should carefully consider the testimony of the complaining witness, her appearance and manner of testifying, her age, and all other things bearing upon her testimony and credibility, and from her evidence and that of the respondent, and all of the evidence in the case, endeavor to arrive at a true and just verdict," sufficiently protected the rights of the respondent.

Error to St. Joseph. (Loveridge, J.) Submitted on briefs October 25, 1894. Decided January 4, 1895.

Respondent was convicted of having carnal knowledge of a female child under the age of 14 years, and sentenced to imprisonment in the State prison for 15 years. Judgment affirmed. The facts are stated in the opinion.

*William Sadler*, for respondent.

*A. A. Ellis*, Attorney General, and *D. L. Akey*, Prosecuting Attorney, for the people.

MONTGOMERY, J. Respondent was convicted of the offense of having carnal knowledge of a female child under 14 years of age.

It is assigned as error that the respondent had no proper preliminary examination, for the reason that it does not appear that the justice, before issuing the warrant, examined any witnesses who had knowledge of the facts, and that the complaint was made upon information and belief. On being brought before the justice, respondent waived examination, and on being arraigned in the circuit court, and called upon to plead to the information, interposed a plea of not guilty. This was a waiver of the objection now interposed. *Washburn v. People*, 10 Mich. 372; *Morrissey v. People*, 11 Id. 343; and *People v. Williams*, 93 Id. 623. And we think, under the circumstances of this case, it was a wise exercise of discretion to refuse to permit

the respondent to withdraw his plea for the purpose of making a motion to quash, based upon the claim here made.[1]

Error is assigned upon the refusal of the court to permit the respondent to show by the complaining witness a statement that the respondent had had intercourse with her on an occasion previous to that fixed as the one upon which the offense was committed. The case is one in which the offense did not depend upon actual force. If the issue had been whether the complaining witness had consented to the intercourse, the testimony would have been clearly competent. But in a case where the consent of the prosecutrix affords no defense, we are unable to see how the fact that the parties had had previous intercourse would aid the respondent, or tend to weaken the testimony of the prosecutrix in any way.

Error is now assigned upon the charge of the court, upon the ground that the court omitted to state that the respondent might be convicted of a lesser offense than rape, as assault, or assault with intent to commit rape. We are cited, as sustaining this contention, to the cases of *Hall v. People*, 47 Mich. 636, and *People v. Miller*, 96 Id. 119. In the latter case the respondent was convicted of the offense of assault with intent to commit rape, and what was held was that this was within the charge of rape; and, this being so, it is clear that respondent could not complain of a conviction of a lesser offense than the full

---

[1] After pleading not guilty to the information, a motion to quash was made, and denied, after which, and during the same term of court, the request of respondent for leave to withdraw said plea for the purpose of renewing the motion to quash was refused by the court. The case was tried, and the jury disagreed. At the next term of court the respondent renewed his request for leave to withdraw his plea and renew the motion to quash, and the court declined to grant the request, the people having prepared the case for trial.

charge. But it was said, referring ‚to the case of *Hall v.* *People,* that in that case "the omission to charge the jury that the defendant might be found guilty of the lesser offense was held to be error." We have examined the record in *Hall v. People,* and find the fact to be that, upon the trial of the case, it appeared that the complaining witness, when she first made the complaint, charged the respondent with assault with intent to commit rape, and not with the completed offense. The charge of the court left the jury to find that the respondent might be convicted of rape, or simply of an assault, but did not leave it open for them to find that he might be convicted of the intermediate offense of assault with intent to commit rape. The present case is clearly distinguishable from *Hall v. People.* In this case, if the testimony of the complaining witness is credited, there was no room for any middle ground. Either the complete offense of rape was committed, or no offense at all. This seems to have been the view of respondent's counsel at the trial, for the first request to charge is that—

"To constitute the offense here charged, actual penetration must be shown, and that this offense is easily made and hard to disprove; and if, from all the evidence in the case, you have in your mind a reasonable doubt of the guilt of the accused, you should acquit him."

The request practically excluded the theory of a possible conviction of the lesser offense, and it does not lie with the respondent to now complain that such theory was not put before the jury.

It is also objected that the charge made no allusion to the quarrel which occurred between the respondent and the complaining witness prior to the making of the complaint. No request to instruct the jury upon this subject was preferred, and, in the absence of this, we think the instruction of the court that "the jury should carefully consider the

testimony of the complaining witness, her appearance and manner of testifying, her age, and all other things bearing upon her testimony and credibility, and from her evidence and that of the respondent, and all of the evidence in the case, endeavor to arrive at a true and just verdict," sufficiently protected the rights of the respondent.

The other questions raised do not call for extended discussion.

We find no error in the record, and the judgment will be affirmed.

The other Justices concurred.