STATE OF IOWA, Appellee, v. HARRY ADAMS, Appellant.

**Criminal law:** MURDER: EVIDENCE: SELF-DEFENSE. Though a fatal
1 fracture of the skull of deceased resulted from a fall on a cement walk, such fact would not relieve defendant from responsibility for the killing if such fall resulted from a blow unlawfully inflicted by him. Nor would he be so relieved by the fact that the blow was struck with the fist and not with a weapon; but such fact could be considered on the question of justifiable self-defense, and as bearing on the degree of the crime.

**Same:** VARIANCE. Where the indictment alleged and the evidence of

2 the state tended to show that the fatal blow was struck with an instrument, the fact that there was other evidence which would justify the jury in finding that no instrument was used, would not constitute a fatal variance.

**Same:** INSTRUCTIONS: INCLUDED OFFENSES. Where the evidence was 3 such as to require either a conviction for manslaughter or an acquittal, a submission of lesser offenses was not required.

*Appeal from Cedar District Court.*—HON. W. N. TREICH-LER, Judge.

TUESDAY, JUNE 25, 1912.

INDICTMENT for murder in the first degree. The defendant was found guilty of manslaughter and judgement entered accordingly. Defendant appeals.—*Affirmed.*

*C. O. Boling* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

EVANS, J.—The defendant was charged with the felonious killing of Mattias Lang on September 3, 1910. The alleged killing occurred in a momentary quarrel and fight, participated in by three or four young men upon a street corner in the city of Tipton. Many of the important facts are undisputed. The young men involved ranged in age from seventeen to twenty-four years; the latter being the age of the defendant. Lang was nineteen years of age. The defendant had engaged in a fight of his own seeking with one Meyers, a boy of seventeen years. The defendant had a companion, Borrought, and Meyers had a companion, Wertz, both of whom became involved to a greater or less degree in the scuffle. Lang thereupon came upon the scene and participated to some extent either in the fight or in some attempt to separate the fighters. It is the contention of

the defendant that Lang struck him with an umbrella while he was engaged in the scuffle with Meyers. A few moments later the defendant, becoming disengaged from Meyers, rushed upon Lang, who was then ten or fifteen feet away from him, and struck him. The blow felled him to the sidewalk, from which he never arose. He died a few hours later as the result of a fractured skull. It was the contention of the state upon the trial that the defendant struck the deceased with some blunt instrument. The defendant, on the other hand, contended that he struck him with his fist only.

I. It is urged on behalf of defendant that the evidence is wholly insufficient to sustain the verdict. This contention can not be sustained. That the defendant struck

1. CRIMINAL LAW: murder; evidence; self-defense.

Lang and that he was thereby knocked down, and that he was carried away in an unconscious state from which he never recovered, is practically undisputed. It is also undisputed that his death resulted from a fracture of the skull four or five inches long. It is the contention of the defendant in argument that the fracture resulted from the fall upon the cement sidewalk. If this were so, it would not relieve the defendant from responsibility for the killing if it resulted from a blow unlawfully inflicted by him. And this remark answers, also, the contention of the defendant that he struck only with his fist, and not with a weapon. The defendant is no less responsible for the death of the deceased if he caused it with a blow of his fist than if he caused it otherwise. Assuming it to be true that he struck the blow with his fist and not with a weapon, such fact was proper for the consideration of the jury on the question of justifiable self-defense and on the question of reducing the degree of the offense. The issue of justifiable self-defense was submitted to the jury by an appropriate instruction to which no objection is made. The finding of the jury was against the defendant

at that point, and such finding has abundant support in the evidence. The jury, however, gave to the defendant the benefit of every other alleged mitigating fact, and reduced the offense to the lowest possible degree. The defendant therefore has had the full benefit of his contention that he used no weapon in the infliction of the blow.

It is also contended by defendant that there was a variance between the evidence and the allegations of the indictment, in that the indictment charged that the blow was inflicted with some blunt instrument. It is sufficient to say that the evidence on the part of the state tended to support this allegation. The fact that such testimony was disputed, or that the jury might fail to find that a blunt instrument was used, was in no sense fatal to the prosecution.

2. SAME: variance.

II. The trial court submitted to the jury no instruction or form of verdict relating to any included lesser offense lower than manslaughter. The defendant requested that instructions be submitted to the jury permitting them to find the defendant guilty of assault with intent to inflict great bodily injury, and of assault and battery as included lesser offenses. Complaint is made of the refusal of the trial court in this respect. Under the undisputed evidence, the defendant was either guilty of manslaughter, or he was not guilty at all. In such a case, we have held that the lesser included offenses need not be submitted. *State v. Cole*, 63 Iowa, 695; *State v. Casford*, 76 Iowa, 330; *State v. Luther*, 150 Iowa, 158; *State v. Johns*, 152 Iowa, 383.

3. SAME: instructions: included offenses.

If there were any room to ascribe some other cause for the death of Lang, or if there were room for any debate or doubt as to the cause of his death, a different question would be presented. The record before us, however, is similar in that respect to the following cases, where it was held unnecessary to instruct the jury as to any lower offense than manslaughter: *State v. Froelick*, 70 Iowa, 213; *State*

*v. Munchrath*, 78 Iowa, 268; *State v. Perigo*, 80 Iowa, 37; *State v. Row*, 81 Iowa, 138. The evidence is abundant to sustain the verdict. The foregoing exceptions presented for our consideration are not therefore well taken.

The judgment of conviction must be *affirmed*.