PARRETT *v.* STATE OF INDIANA.

SHINE ET AL *v.* STATE OF INDIANA.

[Nos. 25,073, 25,077. Filed January 31, 1928. Rehearing denied April 20, 1928.]

*Morton C. Embree, Lucius C. Embree, Woodfin D. Robinson* and *William E. Stilwell,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellants in each of the above entitled cases were convicted of the crime of rape upon the person of Elnora Barth, a woman twenty-four years of age. The prosecution was instituted by affidavit filed in the Vanderburgh Circuit Court on September 15, 1925. The charging part of the affidavit is as follows:

"State of Indiana, Vanderburgh County, SS: Elnora Barth being duly sworn upon her oath, says that Robert F. Parrett, Raymond Francis Shine, and Wilmer McGowan, on or about the 23rd day of August, A. D. 1925, at said county as affiant verily believes did then and there unlawfully and feloniously have carnal knowledge of one Elnora Barth, a woman, forcibly and against her will, then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana.

"ELNORA BARTH."

The appellant, Robert F. Parrett, demanded and received a separate trial. The other appellants were tried jointly. There was a trial by jury which resulted in a verdict of guilty of the crime of rape against each of the appellants. Final judgments were rendered on each of the verdicts. From such judgments, this appeal is taken. The appellants, Raymond Francis Shine and Wilmer McGowan, assign errors separately and also jointly alleging that the court erred in overruling the motions to quash and the motions in arrest of judgment and each of them. Said appellants also allege error in overruling their motions and each of them for a new trial. Appellant Parrett alleges that the court erred in overruling his motion for a new trial and also his motion in arrest of judgment.

Appellants have filed their petition for oral argument, but they have briefed their cases so thoroughly and stated their position with reference to the questions involved so clearly that nothing would be gained by an oral argument. Under such circumstances, this court will deny oral argument. *Young* v. *State* (1923), 194 Ind. 221, 141 N. E. 309.

The appellants, Shine and McGowan, and each of them allege as reasons why the affidavit should be quashed that: (1) The facts stated in the affidavit do not constitute a public offense; and that (2) the

affidavit does not state the offense with sufficient certainty. The first reason above stated is alleged as the reason for arresting the judgments in both cases. The motions to quash and the motion in arrest of judgment in both cases will be considered together.

The indictment against aiders and abettors may lay the fact to have been done by all, or may charge it as having been done by one and abetted by the rest. 1 Russell, Crimes (8th Am. ed.) 687. Even in offenses in which there could have been only one principal in the first degree, as in rape, a charge against all as principals in the crime is valid, if there be no difference in the punishment between principals in the first and those in the second degree. 1 Russell, Crimes (8th Am. ed.) 30. See, also, Lord Audley's Case State Trials 3, p. 401, 1 East, Crown Law p. 446.

In *Rex* v. *Burgess, infra,* the indictment was against three persons for a rape charging them all as principals in the first degree, that they ravished and carnally knew the woman, and the prisoners were all found guilty. The judges held the charge was valid. The accessory may be indicted in the same indictment with the principal, and that is the best and most usual way. Hale, Pleas of the Crown 623.

In Hale, Pleas of the Crown 628, note 2, we find the following statement: "In *Rex* v. *Burgess* and others, Chester Spr. Ass. 1813, upon an indictment charging three persons jointly with the commission of a rape, an objection was taken that three persons could not be guilty of the same joint act, but it was overruled upon the ground that the legal construction of the averment was only that they had done such acts as subjected them to be punished as principals in the offense. The execution was, however, respited, probably with a view to enable the learned judges to consult other authorities

on the accuracy of their opinion; but the prisoners were afterward executed. 5 Ev. Col. Stat. cl. 6, p. 244, note (17) 2d ed. and see 1 Russell, C. & M. 801.

"A general conviction of a prisoner charged both as principal in the first degree and as aider and abettor of other men in rape, is valid, on the count charging him as principal. And on such an indictment, evidence may be given of several rapes on the same woman at the same time by the prisoner and other men, each assisting the other in turn, without putting the prosecutor to elect on which count to proceed. *Rex* v. *Folkes R. & M. C. C.* 354, and see *Reg.* v. *Gray,* 7 C. & P. 164.

"An indictment is good which charges that 'A' committed a rape, and that 'B' was present aiding and assisting him in his commission of the felony. *Reg.* v. *Crisham,* 1 Car. & M. 187.

"In such case the party aiding may be charged either as he was in law a principal in the first degree, or as he was in fact a principal in the second degree. See Arch. Crim. P. C. 481, 10th Lond. Ed."

In *Strang* v. *People* (1871), 24 Mich. 1, Joseph Strang and George H. Williamson were charged jointly with the offense of rape. Strang was tried separately and convicted and appealed to the Supreme Court and in considering the case on appeal, Justice Cooley, speaking for the court, said: "An objection upon which much reliance was placed was that the indictment was bad in charging two persons jointly as principals in the ravishment; the nature of the offense being such that it was impossible two should join in committing it. And although our statute provides: 'The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its

commission, though not present, may hereafter be indicted, tried and punished, as principals, as in the case of a misdemeanor,' yet it is argued that no person can be charged as having personally joined with another in the commission of an offense which, from its nature, could only be committed by one; and, consequently, though one aiding and abetting in a rape might be charged in the same indictment with the principal felon, yet it would be necessary, in charging him as a principal, to set forth the facts of aiding and abetting, which alone would constitute him a principal under the statute. We are not under the necessity of considering this argument, because we have no doubt the information in this case is good without the aid of this statute. All persons aiding and assisting in the commission of a rape are principals in the second degree. As such, a husband may be indicted for the aiding and assisting in the ravishment of his wife; as in case of Lord Audley and Castlehaven, of which an account is given in the third volume of the State trials. And a woman or a boy under the age of fourteen may be so indicted. *1 East P. C., c. 10, §8; 1 Hale P. C. 628.* But it was never necessary to discriminate between principals in the first and those in the second degree in the indictment, provided the punishment was the same, and the guilty act was one which admitted of participation. *1 Wat. Arch., 67; 1 Russ. On Crim. 30; 1 Bish. Crim. L. §456.* And in rape all present and participating in the offense were regarded as ravishers. Thus, it is said in Russell, that, 'the indictment against aiders and abettors may lay the fact to have been done by all, or may charge it as having been done by one and abetted by the rest. Thus, where upon an appeal against several persons for ravishing the appellant's wife, an objection was taken that one should have been charged as ravishing, and the others as accessories, or that there should have been several appeals,

as the ravishing by one would not be the ravishing of the others; it was answered that if two come to ravish, and one by comfort of the other does the act, both are principals; and the case proceeded. *Rex* v. *Vide and others, Fitz., Cor. pl. 86.* And in a modern case the form of the indictment in a charge of this kind came under the consideration of the judges. The indictment was against three persons for a rape, charging them all as principals in the first degree, that they ravished and carnally knew the woman; and the prisoners were all found guilty. The judge who tried them doubted whether the charge could be supported, and at his desire the case was mentioned by Heath, J., to the other judges, and all who were present agreed that the charge was valid, though the form was not to be recommended; but they gave no regular opinion because the case was not regularly before them. *Rex* v. *Burgess, Trin. T., 1813. 1 Russ on Cr. 687; Ibid, 30.* See, also, *Ros. Cr. Ev. 809; 2 Wat. Arch., 161.* In *Rex* v. *Gray and Wise,* 7 C. & P. 164, Coleridge, J., sustained an indictment which in one count charged Gray as principal in the first degree in a rape, and Wise as present, aiding and abetting, and in another, charged Wise as the principal in the first degree, and Gray. as aiding and abetting. In *Rex* v. *Crisham,* 1 C. & M. 187, the defendant was indicted alone as having aided and assisted in a rape in which one McDonough was principal in the first degree. After conviction, it was moved in arrest that the indictment should have charged the prisoner as principal, and stated that he as well as McDonough, ravished the prosecutrix. *Folke's Case, 1 Moo. C. C.,* was cited, in which an indictment charging the prisoner both as principal in the first degree, and as aiding and abetting other men in committing a rape, was held after conviction to be valid on the count charging him as principal. Rolfe, B, said to counsel, 'Is not the prisoner so charged

(*i. e.* as principal) in the indictment? It alleges that McDonough committed a rape, and the prisoner aided and assisted him. Is not that another way of saying that the prisoner committed a rape?' and Maule, J., said: 'There does not appear to me to be any ground for the objection. It has already been decided that, in a case of this description, the party may be charged according to the fact, or indicted as principal in the first degree;' referring to the case of *Rex* v. *Gray and Wise, supra.*

"There are no authorities qualifying or casting doubt upon these; and the pleading must be held sufficient."

By §2429 Burns 1926, the crime of rape is defined. Rape is a felony. §2027 Burns 1926. Section 2028 Burns 1926, provides as follows: "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal." Under this statute, accessories before the fact may be charged and tried as principals. *Doan* v. *State* (1866), 26 Ind. 495, *Wade* v. *State* (1880), 71 Ind. 535; *Rhodes* v. *State* (1891), 128 Ind. 189, 27 N. E. 866, 25 Am. St. 429; *Brunaugh* v. *State* (1910), 173 Ind. 483, 90 N. E. 1019; *Thompson* v. *State* (1920), 189 Ind. 182, 125 N. E. 641; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747.

In *Brunaugh* v. *State, supra,* the court says: "The particular crime, in this case, alleged against the appellant is, under the express and positive averments of the indictment, certain, at least to a common intent. The

indictment fully informs the accused that on the trial he will be required to meet the charge that he unlawfully, feloniously, knowingly, designedly, and with intent to cheat and defraud the city of Indianapolis, made out and presented to the board of public works of that city for allowance the false and fraudulent claim in question, and that he knew that such claim was false and fraudulent at the time it was presented. This is the particular offense charged, and the one which the court and jury, under the averments of the indictment, must have understood was to be tried and determined. In these respects the indictment is fully sustained by the decision in the case of *State* v. *Metsker* (1908), 169 Ind. 555. Under the charge as made in the indictment, appellant, in the eye of the law, must be held to have been apprised of the kind of evidence which the State might introduce and rely upon to prove him guilty of the crime as charged. He must be presumed to know the law. Consequently, he may be said in a legal sense to have been advised by the indictment of the nature of the evidence which the State, under the law, would be permitted to introduce and rely upon to secure his conviction of the offense charged. Under the law he was required to know that the State would not be confined alone to showing that he made out and presented the claim in controversy, but that the State, without any additional allegations or averments in its pleading than those therein contained, would be legally authorized to prove, under §2095, *supra*, that he aided or abetted another in the commission of the felonious offense charged, or that he had counselled, encouraged, hired or procured another person to commit it, and therefore might be charged by the State in the indictment as a principal, and tried and convicted in like manner as if he were the principal criminal. *Williams* v. *State* (1874), 47 Ind. 568; *Rhodes* v. *State* (1891), 128 Ind. 189, 25 Am. St. 429."

The reasoning of the court in *Brunaugh* v. *State, supra,* is applicable to the instant case. In the case at bar, the affidavit fully informed the appellants that on the trial they would be required to meet the charge that they unlawfully and feloniously had carnal knowledge of Elnora Barth, a woman, forcibly and against her will. Under the law, they must know the kind of evidence which the state might introduce and rely upon to prove the guilt of the crime as charged. Under the law, they were required to know that the state, under §2028 Burns 1926, §2095 Burns 1914, would be legally authorized to prove without any additional allegations or averments in its pleadings therein contained, not only that the appellants committed the offense charged, but that they aided and abetted another in the commission of the felonious offense charged and therefore might be charged by the state in the affidavit as principals and tried in like manner as if they were principals.

The tenth clause of §2225 Burns 1926, §2063 Burns 1914, provides, that no affidavit or indictment shall be deemed invalid nor shall the same be set aside or quashed for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

Another statute is that·an indictment or affidavit is sufficient if the offense charged is stated with such a degree of certainty that the court can pronounce judgment upon a conviction according to the right of the case. §2224 Burns 1926, cl. 5. See *Woodward* v. *State* (1885), 103 Ind. 127, 2 N. E. 321; *State* v. *Winstandley* (1898), 151 Ind. 316, 51 N. E. 92; *Skelton* v. *State* (1909), 173 Ind. 462, 89 N. E. 860; *Waggoner* v. *State* (1900), 155 Ind. 341, 58 N. E. 190; *State* v. *Cameron* (1911), 176 Ind. 385, 96 N. E. 150; *Agar* v. *State* (1911), 176

Ind. 234, 94 N. E. 819; *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209.

Where by statute, accessories may be indicted as principals an acquittal of one indicted as principal is a bar to a subsequent indictment against him as accessory before or after the fact. 16 C. J. (Criminal Law) 281; *Davis* v. *People* (1895), 22 Colo. 1, 43 Pac. 122; *Gaskins* v. *Commonwealth* (1895), 97 Ky. 494, 30 S. W. 1017; *Benge* v. *Commonwealth* (1891), 92 Ky. 1, 17 S. W. 146.

If the defendant could have been legally convicted on the first indictment upon proof of the facts claimed to constitute the offense, his acquittal or conviction on that indictment may be successfully pleaded to a second indictment for the same offense. Wharton, Crim. Pl. & Pr. (9th ed.) §456; *Goode* v. *State* (1883), 70 Ga. 752; *People* v. *Purcell* (1891), 16 N. Y. Supp. 199.

In §458, p. 321, Wharton, Criminal Law, it is said: "Whether an acquittal as principal bars an indictment as accessory depends upon the question whether an accessory can be convicted on an indictment charging him as principal. That he cannot, was the common-law doctrine and where this is the law, an acquittal as principal is no bar to an indictment as accessory. And on the same reasoning an acquittal as accessory is no bar, in felonies, to an indictment as principal. It is otherwise under recent codes in which accessories may be indicted as principals."

The affidavit in the instant case was sufficient to withstand the motions to quash and in arrest of judgment.

Some other authorities sustaining the contentions of the state are: *Doan* v. *State, supra; Williams* v. *State* (1874), 47 Ind. 568; *Rhodes* v. *State* (1890), 128 Ind. 189, 27 N. E. 866; *Brunaugh* v. *State supra; Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Dennis* v. *State* (1843), 5 Ark. 230; *State* v. *Putman* (1882), 18 S. C. 175, 44 Am. Rep. 569; *State* v. *Jordan*

(1892), 110 N. C. 491, 14 S. E. 572; *State* v. *Comstock* (1877), 46 Iowa 265; *State* v. *Duffy* (1894), 124 Mo. 1, 27 S. W. 358; *State* v. *Harris* (1899), 150 Mo. 56, 51 S. W. 481; *State* v. *Sykes* (1905), 191 Mo. 62, 89 S. W. 851; *State* v. *Lehman* (1904), 182 Mo. 424, 81 S. W. 1118, 66 L. R. A. 490, 103 Am. St. 670.

The appellants contend that the verdict in each case is not sustained by sufficient evidence and is contrary to law. The evidence for the state in each case shows that this occurrence took place in Vanderburgh County in the State of Indiana, on the night of August 23, 1925. The prosecutrix testified that she was twenty-four years old and had never been married, and, on the night of this occurrence, she and a girl friend were at a dance at Pleasure Park, where they met these appellants, and danced with them. That the girls started to go to Rainbow Garden with the boys in a Ford roadster, with Parrett driving, but, instead of going to Rainbow Garden, they drove in an opposite direction about three-quarters of a mile out a side road about fifteen feet wide and stopped. There was a cornfield on both sides of the road and no houses. When the car stopped, Shine opened the door and commenced beating the prosecuting witness and told her to get out of the car and, when she refused, he kept pulling her arm, and appellant McGowan shoved her and they forced her out of the car and away from it about ten feet. Shine said to Parrett to keep the other girl in the car. Shine and McGowan then threw the prosecutrix down on the ground and Shine held her while McGowan had intercourse with her. She was fighting and screaming all the time and McGowan said, "Get the razor and cut her damn throat and she won't hollow." When McGowan was through, he said to Parrett, "Come on, Bob, while I got her down." Parrett came and had intercourse with her while McGowan held her. Shine

had gone to the car to stay with the other girl. Then McGowan outraged the prosecutrix a second time, Shine holding her while he did it. Then Shine outraged her, McGowan holding her. That all these acts of intercourse were forced upon prosecutrix against her will and without her consent. When they were all through, they picked prosecutrix up and carried her back to the car. There was much other evidence expressed in foul and obscene language, but it is not necessary to set it out in this opinion. In cause No. 25077, the evidence for the state was undisputed, but in No. 25073, there was evidence contradicting the evidence of the state. But the evidence most favorable to the prevailing party supports the verdict in each case.

Appellants each complain that the verdict is contrary to law because of the insufficiency of the affidavit upon which this prosecution was commenced. This matter has been fully discussed and decided against the contention of appellants in considering the motions in arrest of judgment.

The appellant, Parrett, claims that the court erred in giving to the jury instruction No. 16, given to the jury of its own motion. Instruction No. 16, is as follows: "If you find the defendant guilty of rape, you will say by your verdict: 'We, the jury, find the defendant, Robert F. Parrett, guilty as charged in the affidavit, and find that he is 23 years of age.' If you find the defendant not guilty of rape you will say by your verdict: 'We, the jury, find the defendant Robert F. Parrett, not guilty.'" It is claimed that this instruction is erroneous because it required the jury to find the appellant either guilty or not guilty of rape and gave the jury no opportunity to find the defendant guilty of the crime of attempt to rape, or the crime of assault and battery with intent. There is no evidence in this case showing that the appellant, Parrett,

was guilty of committing an assault or assault and battery upon the prosecutrix with any other intention than to commit the crime of rape upon her. Appellant, Parrett, testified that he had intercourse with her and that she consented thereto. The sexual intercourse complained of having been admitted by appellant, only one question remained and that was whether it took place under circumstances which constituted it a rape.

In the case made by the evidence where the act of intercourse is admitted by the defendant in his testimony as it is in this case the refusal of the court to instruct the jury that they might find the defendant guilty of assault or assault and battery or assault with intent to rape is not error. *Anderson* v. *State* (1885), 104 Ind. 467; *Paynter* v. *Commonwealth* (1900), 21 Ky. Law Rep. 1562; 33 Cyc 1503, 1504, note 21; *People* v. *Keith* (1904), 141 Cal. 686, 75 Pac. 304; *People* v. *Harris* (1894), 103 Mich. 473, 61 N. W. 871; *State* v. *Cole* (1883), 63 Iowa 695, 17 N. W. 183; *State* v. *Casford* (1888), 76 Iowa 330, 41 N. W. 32.

Instructions Nos. 1, 4, 5 and 6, tendered by the appellant, Parrett, were tendered upon the theory that the affidavit which is the basis of this prosecution is fatally defective in that it charges three persons with being jointly guilty as principals of one offense of rape. This question was duly considered and decided against the contention of the appellant in considering the motion in arrest of judgment.

Instructions Nos. 7, 13, 14 and 15, and each of them, requested by the appellant were properly refused for reasons stated in discussing instruction No. 16, given by the court of its own motion.

Instructions Nos. 21 and 25 requested by appellant were each properly refused. Each of said tendered instructions was based upon an incomplete statement of evidence introduced in the case.

Each of said instructions was mandatory. They do not state the law upon the issues involved. The appellant, Parrett, having testified that the intercourse took place, there was nothing left to try except the question whether it took place under such circumstances that it constituted rape. This was a question for the jury to decide, and, in deciding it, they should consider all the evidence pertinent to the issue and any instruction of the court limiting them to a single item of evidence is erroneous. Consent of a woman from fear of personal violence is void. 22 R. C. L. 1185. If the mind of the woman is overpowered by a display of physical force through threats, express or implied or otherwise or she ceases resistance through fear of great harm, the consummation of unlawful intercourse by the man would be rape. Wharton Crim. Law §557, 2 Bishop, Criminal Law (7th ed.) §1125; 3 Greenleaf, Evidence (14th ed.) §211.

Instruction No. 9, given by the court of its own motion correctly stated the law to be applied upon the testimony given upon the issue of the consent of the female. Said instruction No. 9 is as follows: "In this case the defendant, Robert F. Parrett, has testified as a witness before you, and he has admitted that he had sexual intercourse with the prosecutrix, Elnora Barth, at the time and place alleged in the affidavit, but he insists that such sexual intercourse was had with her consent. You are instructed that if such sexual intercourse was had with her by him with her consent, then the defendant Robert F. Parrett, is not guilty of the crime of rape. You are further instructed that the admission by the defendant, Robert F. Parrett, that he did have sexual intercourse with the prosecutrix, Elnora Barth, casts no burden upon him to prove that such intercourse was with her consent, but the burden rests upon the prosecution to prove to you,

beyond a reasonable doubt, that Elnora Barth did not consent to such sexual intercourse and that such sexual intercourse was had by the defendant, Robert F. Parrett with her, forcibly and against her will."

The appellant, Parrett, claims that the court erred in permitting the prosecuting witness to testify to a conversation between her and Shine, which conversation was not in the presence and hearing of the appellant. In the absence of evidence of a conspiracy, conversations had by third persons not in the hearing of or in the presence of the defendant are not admissible against him. But, in this case, the evidence complained of was admitted after evidence tending to show a conspiracy on the part of these three persons to take these girls down into that secluded place for the purpose of committing the crime of rape had been admitted. All the circumstances which surround the case proved and the contentions of these three young men indicate that kind of a conspiracy. We find that the testimony of the prosecuting witness, as set out by the appellant, Parrett, was that the appellant, Parrett, was driving the car and the prosecuting witness told him to turn around and take them home, but he just drove on, and she asked where they were taking them, and Shine stated in obscene and indecent language the purpose of this trip. When this statement was made by Shine, it appears that he was standing on the running board of a Ford roadster and both of the other appellants were not more than one or two feet away from him. The prosecuting witness goes on to state that the appellant, Parrett, said nothing when she asked him to turn around and take them home. She says there was not a word said any more about taking them to the dance. The evidence showing a conspiracy is sufficient. What was said and done by all the parties at that time was properly admitted.

The appellant, Parrett, complains that in the trial of the case, after the jury had been selected and accepted finally, the court, of its own motion and without cause, peremptorily excused one of the jurors, who did not himself ask to be excused. The excusing of a juror by the court of its own motion is not reversible error in favor of the accused where it did not appear that he did not have a fair and impartial trial by a competent jury or that the state had exhausted all its challenges or that, by the action of the court, the panel was depleted. 16 R. C. L. page 254 §72; *Keady* v. *People* (1903), 32 Colo. 57, 74 Pac. 892, 66 L. R. A. 353. It is provided by statute that, "In consideration of the questions which are presented upon an appeal, the court shall not regard technical errors or defects, or exceptions to any decision or action of the trial court which did not, in the opinion of the court to which the appeal is taken, prejudice the substantial rights of the defendant." §2394 (2221) Burns 1926.

Upon an examination of the whole record, we are satisfied that the defendants each had a fair trial by a competent and impartial jury, and the judgments are therefore affirmed.