Williams *v.* The State.

---

## WILLIAMS *v.* THE STATE.

ASSIGNMENT OF ERROR.—An assignment of error entitled of the proper parties will not be disregarded by the Supreme Court because the word " defendant" is used instead of the word " appellant," when it is apparent that the former is employed to designate the appealing party. Substance should be regarded rather than form.

INDICTMENT.—An indictment for an assault and battery with intent to murder is sufficient, if it describes the assault and battery in the language of the statute creating that offence, and charges the felony intended in the language of the statute defining the crime of murder. A specific description of the assault and battery is not necessary.

EVIDENCE.—*Co-conspirator.*—*Declarations of.*—On the trial of A. for an assault and battery with intent to commit murder, evidence having been given tending

to prove a conspiracy between A. and B. to commit offences of force and violence, and it having been shown that B. was the active assailant in the assault and battery in question, A. being present aiding and abetting him, evidence was received of prior declarations of B. as to the intended course of conduct of himself and A. which resulted in the offence for which A. was on trial.

*Held*, that the evidence was properly admitted.

PRINCIPAL AND ACCESSORY.—A person who is present aiding and abetting in the commission of a felony is a principal, and not an accessory. He is a principal in the second degree, but may be indicted as principal in the first degree, and the indictment will be sustained by proof of his being principal in the second degree.

From the Switzerland Circuit Court.

*H. A. Downey, J. Orem,* and *H. W. Harrington,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. D. Works,* for the State.

WORDEN, J.—This was an indictment against the appellant as follows, after entitling the cause:

"The grand jurors of Switzerland county, in the State of Indiana, good and lawful men, duly and legally impanelled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Switzerland, in the name and by the authority of the State of Indiana, on their oath present that one William Williams, late of said county, on the 6th day of July, A. D. 1873, at said county and State aforesaid, did then and there unlawfully, feloniously, purposely, and with premeditated malice, touch one Robert P. Edrington in a rude, insolent, and angry manner, with the intent then and there thereby unlawfully, feloniously, purposely, and with premeditated malice, to kill and murder him, the said Robert P. Edrington, contrary," etc.

The defendant moved to quash the indictment, but his motion was overruled, and he excepted.

On trial he was convicted and sentenced to two years imprisonment in the state prison. He appeals to this court. The State has moved to dismiss the appeal, on the ground that there is no sufficient assignment of errors. The assignment is properly entitled as " *William Williams* v. *The State*

*of Indiana,"* and is designated as "defendant's assignment of errors." The assignment then proceeds as follows: "The defendant claims that the court erred," etc., setting out the supposed errors. This is duly signed by "Defendant's Attorneys."

We think the assignment of errors sufficient. It would have been more technical if the appellant had been designated as appellant, in the assignment of errors, instead of defendant; but substance should be regarded rather than form. The defendant below is the appellant here, and it sufficiently appears that he is the party complaining of error. Then, he "claims that the court erred," etc. This claim that error was committed, pointing out the particulars in which it was supposed to consist, is a sufficient assignment of error. The motion of the State can not, therefore, be sustained.

The first error assigned relates to the overruling of the motion to quash the indictment. The indictment we regard as clearly good. It alleges the assault and battery upon Edrington, describing the offence in the language of the statute creating it. 2 G. & H. 459, sec. 7. Then it alleges that the assault and battery was perpetrated with intent to commit a felony. 2 G. & H. 438, sec. 9. It shows the kind of felony intended to be committed, viz., murder, describing it in the language of the statute creating that offence. 2 G. & H. 435, sec. 2. But the "appellant claims that, to make a good and sufficient charge in an indictment for an assault and battery with intent to murder, the indictment must charge the defendant with doing such acts as are in their nature and character calculated to cause death." No authority is cited for this position, nor do we know of any which sustains it. It seems to us that when the assault and battery is properly charged, with intent to commit a felony, as a murder, the nature and character of the assault and battery become material, as a matter of evidence, to be considered by the jury in connection with the other evidence, in determining whether the intent charged is established.

But as a matter of pleading, we think it sufficient to charge the assault and battery generally, without a specific description of the character of the same, and the intent as was done in this case.

On the trial of the cause, there was evidence tending to prove that Edrington, who was a constable and had a warrant in his hands for the arrest of the appellant, undertook to arrest him when one Thomas Baldwin drew a pistol, telling Edrington to come no nearer or he would shoot him; that Edrington seized, or attempted to seize, the pistol, when Baldwin shot at him with the pistol, the ball striking him, but doing no essential injury; that the appellant was present aiding and abetting Baldwin in the act, thus becoming a principal in the second degree. This occurred July 6th, 1873, at Florence. The State introduced as a witness Lewis Kelso, and proved by him that on the 4th day of July, 1873, at Oldham Landing, in the State of Kentucky, he saw Baldwin and had a conversation with him, in which he said that there were some indictments against him up at Florence; that he had two revolvers, and was going to get two more for Williams, and that Williams was going up with him. Williams was not present when this conversation was had. The defendant objected to this evidence of Kelso, because it was a statement made by Baldwin in his absence, and because the evidence was irrelevant and immaterial, and did not tend to prove any of the allegations of the indictment. But the objection was overruled, and the defendant excepted. There were some other statements of Baldwin, made in the absence of the appellant, admitted, over a like objection and exception.

We think the statements of Baldwin competent, as having a tendency to show his purpose and design in assaulting Edrington, and that they were admissible as against the appellant, unless the objection that they were made in his absence is fatal.

There are two grounds urged in the brief of counsel for the State for the admission of the evidence:

· 1. That as Baldwin was the one who personally committed the act, and as it was necessary to establish his guilt, in order to the conviction of the appellant, the statements of Baldwin were competent.

The admission of the evidence can not, in our opinion, be justified on this ground alone. The confession of the principal is not admissible in evidence to prove his guilt upon an indictment against the accessory. Roscoe Crim. Ev. 49. See, also, *Commonwealth* v. *Elisha*, 3 Gray, 460. But the other ground upon which it is urged that the evidence was admissible justifies the admission.

There was evidence tending to show a conspiracy between Baldwin and the appellant to commit the offence. Perhaps not to commit this particular offence, but offences of force and violence. " If two or more combine to do an unlawful, thing, and the act of one, proceeding according to the common plan, terminates in a criminal result, though not the particular result intended, all are liable." 1 Bish. Crim. Law, sec. 636.

· There was, as we have said, evidence tending to show a combination and conspiracy between Baldwin and the appellant to commit offences of force and violence, and, we may add, to unlawfully resist an arrest. Some of this evidence may be noted. James James testified:

" Know Williams and Baldwin; saw them July 6th, 1873, at a picture boat at Florence; Williams said: ' What are you doing here, you d——d thief?' I said: ' To see and be seen.' I asked them what they came back for, and he said, ' we came back to clean the d——d town out. I ran one d——d son of a bitch out of town, and am going to run the balance out. There are not enough men in town to arrest us.' He told Baldwin to cut and shoot as he pleased; that he would stay with him in blood up to his knees."

Filmore F. Graves testified: " Know Williams and Baldwin; had a conversation on Beymer's corner, July 6th; Baldwin said there were two writs for him, and that there were two writs for him;" (Williams?) "that there were not men,

enough in town to arrest him ; he offered Joe Keeth five dollars to arrest him ; Williams was with him ; he told Williams there were two writs for him ; that there were two of them ; Williams said he knew there were two of them, and that they could not take both."

We quote the following paragraph from 1 Greenl. Ev., sec. 111, as being applicable to the case :

" The same principles apply to the acts and declarations of one of a company of conspirators, in regard to the common design as affecting his fellows.     Here a foundation must first be laid, by proof, sufficient in the opinion of the judge, to establish, *prima facie*, the fact of conspiracy between the parties, or proper to be laid before the jury, as tending to establish such fact.    The connection of the individuals in the unlawful enterprise being thus shown, every act and declaration of each member of the confederacy, in pursuance of the original concerted plan, and with reference to the common object is, in contemplation of law, the act and declaration of them all ; and is therefore original evidence against each of them.    It makes no difference at what time any one entered into the conspiracy.    Every one who does enter into a common purpose or design is generally deemed, in law, a party to every act, which had before been done by the others, and a party to every act, which may afterward be done by any of the others, in furtherance of such common design."

We will presume, the record not showing the contrary, that the evidence showing the conspiracy was introduced before that objected to.    There was no error in the admission of the evidence.

The appellant objects to the charges of the court, but has pointed out no objection to any except the twenty-second and twenty-third.    We have examined the others and discover no error in them.    The substance of the twenty-second and twenty-third charges is, that if Baldwin perpetrated the assault and battery with the intent as charged, and if the appellant was present aiding and abetting him in the com-

mission of the offence, the latter should be convicted.  It is objected, as we understand the brief of counsel for the appellant, that where a party is present aiding and abetting in the commission of a felony, he is only an accessory, and must be indicted as such.  There is no foundation for this objection.  A person who is thus present aiding and abetting in the commission of a felony is a principal, and not an accessory.  He is a principal in the second degree, but may be indicted as principal in the first degree, and the indictment will be sustained by proof of his being principal in the second degree.  1 Bishop Crim. Law, sec. 648.

Whether the sixty-sixth section of the criminal code, 2 G. & H. 405, would be constitutional as applied to mere accessories before the fact, we need not determine.  This is not such a case.  There is no error in the record.

The judgment below is affirmed, with costs.