JACKSON *v*. STATE.

4585                                              225 S. W. 2d 522

Opinion delivered December 19, 1949.

Rehearing denied January 23, 1950.

342

*George F. Edwards*, for appellant.

*Ike Murry*, Attorney General, and *Jeff Duty*, Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. This is the second appeal by appellant from convictions of burglary and grand larceny. The first conviction was reversed because the trial court allowed to be introduced the accomplice's plea of guilty. See *Jackson v. State*, 215 Ark. 420, 220 S. W. 2d 800. Upon remand the prosecuting attorney filed an information in lieu of the previous indictment. This practice has been sanctioned. See *Cole et al. v. State*, 211 Ark. 836, 202 S. W. 2d 770 and 214 Ark. 387, 216 S. W. 2d 402. The trial on July 11, 1949, resulted in a mistrial; and on July 16, 1949, there was conducted the trial from which comes the present appeal. The motion for new trial now before us contains 29 assignments which we will group and discuss in topic headings.

I. *Motion for Continuance*. At the trial on July 16th the appellant moved for a continuance until the court reporter could transcribe the testimony given at the trial on July 11th by the witness, James Darby. Appellant wanted to use such transcribed testimony to impeach Darby when he might testify in the present trial. In the hearing on the motion for continuance the court reporter testified:

"Q. Were you able to prepare the transcript of the testimony of Mr. Darby:

A. No, sir; I looked it over and it was too long to get through due to my other court business, so I couldn't get it out. I will read any part of it you would like to hear.''

It thus appears that the defendant (appellant) all the time had available at the trial the court reporter, who could be called to read Darby's former testimony if appellant desired to use it to impeach Darby. In view of this fact, the trial court did not abuse its discretion in refusing the continuance. See *Banks* v. *State,* 185 Ark. 539, 48 S. W. 2d 847, 82 A. L. R. 1051.[1]

II. *Motion to Quash the Jury Panel.* Some or all of the jurors on the regular panel (that is, the panel selected by the jury commissioners) as provided by §§ 39-208 and 39-220 Ark. Stats. (1947) had formed opinions from hearing the testimony of the witnesses in the trial of July 11th; so the trial court had the sheriff summon enough bystanders to complete the panel of jurors for the trial of July 16th. Such completion was accomplished pursuant to § 39-218 Ark. Stats. (1947). Appellant then moved to quash the last-mentioned panel, because it had not been selected by the jury commissioners. The trial court was correct in overruling the motion; because the trial panel as used was selected exactly in the manner provided by § 39-218 Ark. Stats. (1947). See, also, *Hallum* v. *Blackford,* 202 Ark. 544, 151 S. W. 2d 82.

III. *Sufficiency of the Evidence.* The witness, James Darby—night watchman of Foreman, Arkansas—testified that he saw appellant carry the cash register out of the backdoor of Mrs. Capps' store at 3:45 a. m.; that appellant dropped the cash register when he saw witness; and that appellant and his confederate ran to, and escaped in, an old Chevrolet car on which the tail light was not burning. The witness positively identified the appellant. The facts of the breaking and entering of Mrs. Capps' store and the removal of the cash register were shown by other witnesses. Mrs. Capps identi-

[1] See also West's Arkansas Digest, Continuance, § 7, and Criminal Law Key No. 586 *et seq.,* for a collection of cases on the trial court's discretion in such matters.

fied appellant as a man who had visited her store during business hours the day preceding the night of the burglary. Another witness testified that, on the day preceding the burglary, he sold appellant a flashlight. This same flashlight was found in the car in which appellant and his accomplice were arrested within one hour of the burglary; and the car was as described by James Darby. To detail all of the evidence is unnecessary. We conclude that it was amply sufficient to support the conviction of burglary and also to support a conviction for grand larceny; but we reverse the conviction for grand larceny for the reasons now to be discussed.

IV. *The Grand Larceny Conviction.* The appellant was tried for both burglary and grand larceny. As regards the latter offense, the trial court without objection instructed the jury:

"Larceny is the unlawful and felonious stealing, taking and carrying away the personal property of another with the intent to deprive the true owner of his property, and if the value of the property exceeds the sum of $10, the charge is Grand Larceny."

After the jury had deliberated for some time it returned with a verdict of guilty of burglary (punishment assessed at three years) and a verdict of not guilty of grand larceny. The jury was not discharged.[2] Instead, it was sent outside of the hearing of the court, and a lengthy colloquy ensued between the court and the attorneys for the State and appellant. Appellant's attorney moved for an acquittal on both charges, saying, *inter alia:*

"Having found him not guilty of grand larceny, he could not be guilty of burglary on the evidence in this case."[3]

The appellant's motion was denied; and the court then recalled the jury and ascertained that it was confused as to the extent of asportation required to constitute larceny. Thereupon the court read to the jury

[2] See *Levells* v. *State*, 32 Ark. 585.

[3] Of course, the crimes of burglary and grand larceny are separate, as we will discuss in topic V, *infra.*

all the instructions that had previously been given, and added to the State's instruction No. 2 the following language concerning the extent of asportation:

"And it is immaterial for how great a distance, if any, this defendant may have carried the property unlawfully taken with the intent to appropriate it to his own use and deprive the true owners thereof."[4]

The court then directed the jury to retire to the jury room for further consideration of its verdict. Appellant's attorney seasonably requested, but was denied, the right to reargue the case to the jury after the said additional instruction was given concerning asportation. Such refusal to allow reargument is one of the assignments in the motion for new trial.

We hold that under the facts in this case the court committed reversible error in refusing to permit appellant's attorney to make an argument on the matter of asportation after the giving of the additional instruction. In *Manasco* v. *State,* 104 Ark. 397, 148 S. W. 1025, after the argument had been closed and the court had recessed for the noon hour and then had reassembled, the court amended an instruction. On appeal it was urged that reargument should have been permitted after the giving of the amended instruction; and we said:

"The court, having given the instruction, should have permitted appellant's counsel, if he desired, to argue the instruction as amended; but he did not make a specific request of the court to grant him such permission, and he cannot complain here for the first time that it was error in not allowing him to argue the instruction as amended. It does not appear that he asked permission of the court to argue the instruction after it had been amended. If he had made such request, and the court had refused it, then he would have been in an attitude to have the alleged error reviewed here.

---

[4] This instruction on the extent of asportation was probably modeled after the one approved in *Banks* v. *State,* 133 Ark. 169, 202 S. W. 43. For other cases on asportation, see West's Arkansas Digest, Larceny, section 17; and see also 36 C. J. 750.

As previously stated, in the case at bar the request was seasonably made and exception duly preserved to the refusal.

In the recent case of *Smith* v. *State,* 215 Ark. .........., 223 S. W. 2d 1011, we noted that the trial court properly allowed reargument after the giving of additional instructions. So our holdings point to the conclusion that, generally, reargument should be permitted after the giving of additional instructions involving a question not covered by the other instructions. Such also is the trend of holdings in other jurisdictions. In 64 C. J. 246 this statement appears:

"Where after the argument, and even after the submission of the case to the jury, a new phase of the case is presented by additional instructions, counsel should be permitted to reargue the case as to that phase or branch of it, upon seasonable request; . . ."

The extent of the asportation necessary to sustain grand larceny was a point not covered in the previous instructions. So, naturally, appellant's counsel wanted to be allowed to discuss to the jury the evidence on that issue. The attempted verdict of not guilty *before* the additional instruction and the verdict of guilty *after* the additional instruction make clear that the additional instruction was responsible for the verdict. The failure of the court to allow appellant's counsel to reargue the case can therefore be said to have been prejudicial.

Of course, trial courts possess—as they should—considerable discretion concerning the argument. *Vaughan* v. *State,* 58 Ark. 353, 24 S. W. 885, illustrates such discretion. But it would be a dangerous precedent to approve the practice of refusing a seasonable request for additional argument when a new instruction is given after the case has gone to the jury. The result would be as Judge FRANK G. SMITH—so long the Dean of our court —quoted in *Byler* v. *State,* 210 Ark. 790, 197 S. W. 2d 748:

" 'Twill be recorded for a precedent and many an error by the same example will rush into the state. It cannot be."

The Court of Appeals of Missouri in *Clancy* v. *City of Joplin*, 181 S. W. 120, in speaking of the refusal of the trial court to allow reargument after giving additional instructions, said:

". . . but, when it is deemed necessary to make these changes at this stage of the case, great care should be taken that, if any new issue is thus injected into the case, the litigants be permitted to argue that to the jury. If any other course is pursued, we may unconsciously, little by little, drift into a practice that would seriously jeopardize the rights of the parties and encroach upon the practice so long prevailing and recognized in this state."

We conclude that under the facts in this case the trial court committed error in refusing to allow appellant's counsel the privilege of further argument after the giving of the amended instruction; and for this error the judgment of conviction for grand larceny is reversed.

V. *The Conviction for Burglary.* As previously quoted, counsel for appellant insisted in the trial court that the appellant could not be found guilty of burglary unless he also be found guilty of grand larceny. But our cases do not support such contention. See *Ragland* v. *State*, 71 Ark. 65, 70 S. W. 1039; *Sanders* v. *State*, 198 Ark. 880, 131 S. W. 2d 936; *Ingle and Michael* v. *State*, 211 Ark. 39, 198 S. W. 2d 996; and *Creek* v. *State*, 214 Ark. 429, 216 S. W. 2d 787.

Section 41-1001 Ark. Stats. (1947) defines burglary as:

". . . the unlawful entering of a . . . building, . . . with the intent to commit a felony or larceny."

In the case at bar the evidence, as previously reviewed, amply sustains the conviction for burglary, which could certainly have been committed even if there had been no larceny. Apparently the jury misunderstood the original instructions, and attempted to bring in a verdict of not guilty in the grand larceny case; but the jury clearly understood the instruction as to burglary, and all the

time was returning a verdict finding the appellant guilty of that offense. The appellant was not entitled to reargue the burglary issue to the jury, because the additional instruction related only to the asportation element of the grand larceny charge. So we affirm the judgment of conviction of burglary.

VI. *Other Assignments.* The motion for new trial contains assignments as to admission of evidence, argument of counsel and other proceedings in the course of the trial. It would unduly extend this opinion to discuss each of these assignments. We have studied them, and find them to be without merit.

Conclusion: We affirm the conviction for burglary; but—because of the error indicated—we reverse the conviction for grand larceny and remand to the trial court the cause concerning grand larceny. If the State desires to retry the appellant on the remanded cause, it may do so.