BUFORD TINSLEY AND JOHNNIE TINSLEY *v.* STATE OF INDIANA.

[No. 1271S347. Filed June 18, 1974.]

*Donald L. Adams,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

DEBRULER, J.—This opinion is supplemental to the original opinion handed down by this Court in *Tinsley* v. *State* (1973), 260 Ind. 577, 298 N.E.2d 429. In that opinion this Court affirmed the conviction of Johnnie Tinsley for First Degree Burglary, but ordered the appeal of Buford Tinsley held in abeyance pending a remand to the trial court for a hearing to be held in compliance with the procedures set out in IC 1971, 35-5-3-2, being Burns § 9-1706a, to determine whether he had been competent at the time of his trial.

In the original opinion it was recognized that the trial and conviction of one who is mentally incompetent would violate fundamental due process. *Pate* v. *Robinson* (1966), 383 U.S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815; *Sims* v. *State* (1965), 246 Ind. 660, 208 N.E.2d 469. The test for such

incompetency was held to be whether one has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky* v. *U.S.* (1960), 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824. In the case at bar, the first suggestion of trial incompetency was made in a Belated Motion to Correct Errors, and as such did not fall within the time frames set out in Burns § 9-1706a, *supra,* or IC 1971, 35-5-3-3, being Burns § 9-2217a, however we held that suggestions of trial incompetency coming even after sentencing, "may be so significant and compelling as to create 'reasonable grounds' to question a defendant's competency at the time of his trial and therefore require a hearing on the question." In this case we deemed an existing probate court judgment, rendered fifteen years prior to the trial, in which Buford Tinsley was found to be "incapable of managing his estate because of mental illness" to be sufficient to meet this test, and remanded for a hearing.

Following remand the trial court appointed two psychiatrists to examine appellant and to testify, held a hearing, and based upon the evidence given at the hearing, determined that appellant had been competent to stand trial. The testimony and the determination have been certified to us. Counsel for appellant and State have filed supplemental briefs. We now proceed to resolve the issues and finally dispose of this case.

The evidence at the hearing consisted of the testimony of two psychiatrists who were appointed by the trial judge for the purpose of examining the appellant and testifying at the remand hearing. Neither the appellant nor the State, although given the opportunity to do so, produced other witnesses. Each doctor gave his opinion, under examination by the trial judge to the effect that during the pre-trial and trial periods, appellant had had sufficient comprehension to understand the nature of the proceedings and assist in making his defense.

Each witness was tendered to defense counsel and was examined and cross-examined by him. At the conclusion of the hearing and based upon the evidence presented at the hearing, the trial court found and adjudged that appellant had had sufficient understanding of the proceedings against him and ability to make his defense at all relevant times. This determination of competency to stand trial is clearly supported by a sufficient quantum of evidence. It is therefore, abundantly clear that appellant failed in his burden to establish his trial incompetency.

At the hearing defense counsel objected to the trial judge conducting the initial examination of the two psychiatrists. It was his contention that the trial judge, in so doing, had erroneously assumed the duty and responsibility of the prosecutor to "make" the case. The objection was overruled. We adjudge properly so. This case came before the trial court as a plea for post conviction relief. As such, as we stated in *Tinsley, supra,* the burden of showing trial incompetency is upon the appellant. There we stated:

"We should emphasize, however, that the burden of establishing his incompetency at the hearing will rest with appellant, Post Conviction Rule 2, § 1 (c)."

It is obviously not upon the State. Neither do we consider the trial court to have usurped any legal prerogative of the appellant by initially interrogating the witnesses. The procedures in the hearing were governed by the provisions of Burns § 9-1706a, *supra:*

"When at any time before the trial of any criminal cause or during the progress thereof and before the final submission of the cause to the court or jury trying the same, the court, either from his own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, he shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity."

A related statute governs the examination of court-appointed doctors who testify at trial on the issue of insanity. It provides in part as follows:

> "The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such medical witnesses." IC 1971, 35-5-2-2, being Burns § 9-1702.

When read in conjunction, these two statutes constitute a clear indication that the judge conducting the trial or hearing, may make the initial examination of the court-appointed witnesses. Such authority in the trial judge does not serve to shift any burden of proof from one party to another as suggested by appellant, nor does it serve to adversely affect any substantial right identified by appellant or which is readily apparent to us. Under the statute, appellant retained the right to introduce his own evidence at the hearing, along with the right to fully examine the court-appointed witnesses. The trial court correctly denied appellant's belated motion to correct errors alleging trial incompetency.

The court's judgment of conviction of Buford Tinsley is now affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 312 N.E.2d 72.