Kenneth A. GUFFEY, Sr., Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1–1277S307.

Court of Appeals of Indiana, First District.

March 6, 1979.

Rehearing Denied April 16, 1979.

William F. Marshall of Dalmbert & Marshall, Columbus, for appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Kenneth A. Guffey, Sr. was found guilty in a trial by jury of assault and battery with intent to gratify sexual desires[1] and brings this appeal raising three issues: sufficiency of the evidence; the trial court's refusal to grant a new trial on the basis of newly discovered evidence; and the giving of an "Allen" type charge to break a jury deadlock.

We affirm.

1. *Ind.Code* 35-1-54-4, repealed effective October 1, 1977.

The facts most favorable to the State are that on the morning of May 30, 1975, D. Melton, the prosecutrix, M. Davis (Davis) and Kenneth Guffey, Jr. (Guffey, Jr.) decided to skip school. The youths were twelve or thirteen years of age. The defendant, Kenneth Guffey, Sr. (Guffey, Sr.) agreed to take Guffey, Jr. and his friends out to the country in his automobile for a party. The youths got into the automobile, and Guffey, Sr. told them to get down so they would be unobserved until they were out of town. Guffey, Sr. drove them to a partially built cabin in the woods near a lake in Bartholomew County. Upon reaching the cabin, he provided the youths with beer and whiskey to drink.

The day was spent drinking, swimming and fishing. At one point Guffey, Sr. was nude after swimming. Guffey, Sr. left by himself once in the day to bring back lunch for the youths and more beer. The prosecutrix overindulged and became sick after lunch.

At one point during the day Guffey, Sr. was alone in the woods with the prosecutrix where he made lewd suggestions to her, which she rebuffed. There is evidence that Guffey, Sr. made a similar lewd comment to the prosecutrix several days earlier when he first met her.

Sometime in the early evening, Guffey, Sr. told the two boys to go to the automobile parked near the cabin, leaving him alone with the prosecutrix. Guffey, Sr. again made lewd advances toward the prosecutrix, telling her he was going to make love with her whether she wanted him to or not. Guffey, Sr. pushed her back on a board on the floor and told her to take off her clothes. Upon her refusal, he laid on her chest with his body and took off her pants and underwear. The prosecutrix attempted to resist but to no avail. Guffey, Sr. had a pistol nearby which he threatened to use if she resisted. Guffey, Sr. then allegedly raped the prosecutrix.

The boys outside in the car during this time heard the prosecutrix scream and, when Guffey, Sr. and she came out, noticed her crying. Guffey, Sr. drove the youths back to town.

Upon inquiry by her mother in the morning, the prosecutrix revealed that she had been raped. The prosecutrix was examined by a doctor and Guffey, Sr. was later arrested for rape and commission of a crime while armed with a deadly weapon.

Guffey, Sr.'s first contention on appeal is that the verdict is not supported by sufficient evidence. His basic argument is that the prosecutrix's testimony is contradictory and not worthy of belief and since her testimony alone establishes the crime, the conviction must be overturned.

■ It is fundamental that when determining the sufficiency of the evidence, the appellate court will not weigh the evidence nor resolve questions of witness credibility. This court will consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509, 514.

■ We do not accept the appellant's invitation to reweigh the prosecutrix's credibility. Her testimony more than establishes the elements of the crime of which Guffey, Sr. was found guilty. A conviction of assault and battery with intent to gratify sexual desires may be sustained on uncorroborated testimony of the prosecuting witness even when such witness is a minor. *Smith v. State*, (1978) Ind.App., 372 N.E.2d 511; *Scales v. State*, (1975) Ind.App., 333 N.E.2d 814.

The second issue on appeal is whether the trial court erred by not granting his motion for a new trial based on alleged newly discovered evidence. This evidence consists of an affidavit by Guffey, Sr. and his wife that unknown friends of the prosecutrix called by telephone and informed them that prosecutrix's involvement as a witness was only due to her concern over a pending criminal juvenile action and the prosecutrix in fact did not know of or remember sexual

activity due to her drunkenness. The trial court did not conduct a hearing on this matter and denied the motion.

■■ The granting of a new trial on the basis of newly discovered evidence is a matter which rests in the sound discretion of the trial court and that decision will be overturned on appeal only for an abuse of that discretion. *Sanders v. State*, (1977) Ind.App., 370 N.E.2d 966, 968. The trial court did not abuse its discretion since at best, the hearsay evidence is merely impeaching of the prosecutrix's testimony.[2]

■ The third issue on appeal is the propriety of the giving of the following supplementary charge to the jury when it informed the court it was deadlocked after approximately six hours of deliberation:

"Instruction No. 34

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases it must be disposed of some time. Another trial would be a heavy burden on both sides.

There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you.

Any future jury must be selected in the same manner that you were.

These matters are mentioned now because some of them may not have been in your thoughts.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each others views and talk over any difference of opinion in a spirit of fairness and candor. If at all possible you should resolve any difference and come to a common conclusion so that this case may be completed.

You may be liesurely [sic] in your deliberations as the occasion may require and take all the time you feel necessary.

The giving of this instruction at this time in no way means it is more important than any other instruction. On the contrary you should consider this instruction together with and as a part of the instructions which I previously gave you.

You may now retire and continue your deliberations in such a manner as may be determined by your good judgment as reasonable people."

This is a modification of the so-called "Allen Charge" derived from the case of *Allen v. United States*, (1896) 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528, in which the Supreme Court approved the use of the charge to break or "dynamite" a verdict out of a deadlocked jury.[3]

---

2. *See Sanders, supra*, for the required factual showing in an affidavit in support of an application for new trial on the basis of newly discovered evidence.

3. The Supreme Court paraphrased the supplemental charge as follows:
   [a]lthough the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor, and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority. 164 U.S. at 501, 17 S.Ct. at 157.

There is no Indiana precedent on the propriety of the charge,[4] and we must turn for guidance to other jurisdictions. There have been a host of cases on the charge, but it is hard to generalize since trial court judges vary the charge and because of diverse factual situations. We can state from our research that the Allen charge and its close variants have never been ruled unconstitutional *per se* as a violation of the right to an impartial trial.[5] The main concern of appellate review is rather the coercive effect on the jury; in other words, to what extent does the charge invade the province of the jury or impress upon the jury extraneous factors in their decision-making process.[6]

It has been stated that the Allen charge is "tolerated" by appellate courts.[7] And there does seem to be a trend for appellate courts in their supervisory capacity to either abolish or to dictate the wording of the instruction to the trial courts.[8] The federal case of *Powell v. United States*, (5th Cir. 1962) 297 F.2d 318, 322, states the standard of review:

> Whether in any case the Allen charge should be given rests initially in the sound discretion of the trial judge. But

the correctness of the charge must be determined by consideration of the facts of each case and the exact words used by the trial court.

As to the exact words of the charge, it has been stated that the original Allen charge sets the "ultimate permissible limits" to be contained in the charge. *Brasfield v. United States*, (1926) 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345; *Powell v. United States, supra*. It is when trial court judges embellish the thrust of the charge that the potential for reversible error occurs.

The Allen charge has been said to contain three main elements: (1) jurors should candidly deliberate, giving deference to the views of other jurors with a disposition towards being convinced; (2) minority jurors should reconsider the reasonableness of their convictions when concurred in by the majority; and, (3) no juror should abandon a conviction scrupulously held.[9] The appellate courts and commentators have found the greatest potential for harm in the second element above: the explicit suggestion or open appeal to the minority to reconsider its view point in light of the majority rule.[10] The third element of the charge—the urge not to abandon earnest

---

4.  Our research did reveal the following statement in the case of *Hogg v. The State*, (1856) 7 Ind. 551, 552:

    The instruction given out of time occurred thus: The jury were unable to agree and returned into Court. The attorneys on both sides insisted that they should not be discharged, but confined till they found a verdict. Thereupon the Court, in the presence of the parties, gave them an additional legal instruction, to meet the difficulties, we presume, stated by the jurors as existing in their minds relative to the law, and sent them back to their room for further deliberation. There was no error in this.

    Also, in *Maxwell v. State*, (1970) 254 Ind. 490, 260 N.E.2d 787, after the jury had been instructed and had begun deliberation, they returned to the courtroom and asked, "Do we have to come to a decision?" The trial court instructed the jury to return and continue with their deliberations. The Indiana Supreme Court found that there was no jury misconduct.

5.  *See United States v. Brown*, (7th Cir. 1969) 411 F.2d 930, 933, *cert. denied*, 396 U.S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508; Note, *The Allen Charge: Recurring Problems and Recent Devel-*

    *opments*, 47 *N.Y.U.Rev.* 296, 301 n. 26 (1972) [hereinafter cited as *Allen Charge*.]

6.  *Huffman v. United States*, (5th Cir. 1962) 297 F.2d 754, 758 (dissenting opinion), *cert. denied*, 370 U.S. 955, 82 S.Ct. 1605, 8 L.Ed.2d 820; Annot., 100 A.L.R.2d 177 (1965); *Allen Charge, supra* note 5.

7.  *United States v. Fioravanti*, (3d Cir. 1969) 412 F.2d 407, 415, *cert. denied*, 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88.

8.  *See, e. g., United States v. Brown, supra* note 5; *United States v. Fioravanti, supra* note 7; *People v. Gainer*, (1977) 19 Cal.3d 835, 139 Cal.Rptr. 861, 566 P.2d 997 (where the California Supreme Court observed that three federal circuits and at least twenty-two states had recommended abandonment or modification of the charge. *See Id.*, 19 Cal.3d at 846–847, nn. 7, 8, 139 Cal.Rptr. at 866–867 nn. 7, 8, at 1002, 1003 nn. 7, 8 for case citation.)

9.  *Allen Charge, supra* note 5, at 302.

10. *Id.*, at 302; Annot., 100 A.L.R.2d 177 (1965); *People v. Gainer, supra* note 8.

convictions—is thought to counterbalance this potential for harm and its omission in the instruction will cause reversible error.[11] Apparently not convinced of this safeguard, recent appellate decisions have endorsed the ABA standards which delete any exhortation to the minority.[12] We note in the instruction before us that there is no appeal to the minority and thus we need not decide whether or not such an inclusion is proper. The instruction questioned here, however, definitely reflects the trend of the law in this regard.

The instruction at issue does contain elements not found in the original Allen charge and we must therefore carefully examine them. The original Allen charge, as paraphrased, stated that it was the jury's "duty to decide the case if they could conscientiously do so." This language has, on occasion, been turned into a mandate by trial court judges to the jury to decide the case or has led to language that the case must be decided sometime.[13] These embellishments have been criticized as inaccurate; the case does not have to be decided or retired.[14] The case can end in a hung jury and the prosecutor can decline to retry the case. The language used here—that the case must be "disposed of sometime"— has been approved,[15] but the trial court here added, "Another trial would be a heavy burden on both sides." This implication of

11. *United States v. Rogers*, (4th Cir. 1961) 289 F.2d 433, 435; *Brown v. State*, (1975) Del. Supr., 369 A.2d 682.

12. *See, e. g., United States v. Brown, supra* note 5; *United States v. Silvern*, (7th Cir. 1973) 484 F.2d 879 (en banc); *People v. Gainer, supra* note 8; *American Bar Ass'n Project On Minimum Standards for Criminal Justice, Stds. Relating to Trial By Jury* § 5.4 at 145–46, provides:

5.4 *Length of Deliberations; deadlocked jury*

(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:

(i) that in order to return a verdict, each juror must agree thereto;

(ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(iii) that each juror must decide the case for himself, but only after an impartial consideration to the evidence with his fellow jurors;

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own view and change his opinion if convinced it is erroneous; and

(v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(c) The jury may be discharged without having agreed upon a verdict if it appears that there is no reasonable probability of agreement.

The ABA Standards at 146–47 suggest as a charge consistent with the standards, Instruction 8.11 of Jury Instructions and Forms for Federal Criminal Cases, 27 F.R.D. 39, 97–98 (1961):

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberation, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges— judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

We do not feel that it is appropriate at this time to dictate an acceptable instruction to trial judges.

13. *See, e. g., Huffman v. United States, supra* note 6.

14. *Id.,* at 758 (dissenting opinion); *People v. Gainer, supra* note 8.

15. *Sanders v. United States*, (5th Cir. 1969) 415 F.2d 621, 630 n. 2, *cert. denied*, 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271.

another trial does not, in our view, rise to the level of a mandate to decide or a statement that the case *will* be retried and thus is not a misstatement of the law.

The second paragraph of the instruction dangerously approaches commenting on the evidence and the conduct of the trial and we do not recommend its use. It is however, of such a general nature that we conclude it is not reversible error. We note that in *United States v. Brown*, (7th Cir. 1969) 411 F.2d 930, the court found such a statement in an Allen charge did not violate sixth amendment constitutional rights.

The third paragraph of the charge is more in the nature of a morale booster than anything else and is thus innocuous. The remainder of the charge follows the Allen charge elements (1) and (3) referred to above.

We turn to the facts of the case to determine if the instruction coerced the jury. According to the affidavit of Guffey, Sr.'s attorney, the jury reported it was deadlocked after six hours of deliberation. The jury reported in open court it was deadlocked as to one of the counts; it is impossible from the record to determine which one. The judge, over objection, gave the supplemental instruction. The jury came back with a verdict in less than one hour—finding the defendant guilty of a lesser included offense of rape and not guilty of the commission of a crime while armed count.

We do not think that the time factor here necessarily suggests coerciveness. There are decisions which found that a much shorter deliberation after the instruction than here was not *prima facie* coercion.[16] And as a theoretical matter, as the Second Circuit points out in *United States v. Hynes*, (1970) 424 F.2d 754, 758:

> Having consistently affirmed the rationale underlying such an instruction, we cannot logically take into account the fact it produced quick results here in deciding whether or not it should have been given in the first place.

Nor do we think that the verdict of the lesser included offense, in itself, mandates a presumption of coercion by the court. We do not wish to second-guess the deliberative processes of the jury.

■ Guffey, Sr. further contends that the giving of the instruction was fundamental error in that it violated the procedural requirements of IC 35–1–35–1 and Criminal Rule 8(B) of the Trial Rules.[17]

It is true that neither of these rules contemplate supplemental instructions. How-

16. *See, e. g., United States v. Hynes*, (2d Cir. 1970) 424 F.2d 754, *cert. denied*, 399 U.S. 933, 90 S.Ct. 2270, 26 L.Ed.2d 804 (verdict five minutes after instruction given); *Andrews v. United States*, (5th Cir. 1962) 309 F.2d 127 (25 minutes).

17. IC 35–1–35–1 reads, in relevant part, as follows:

Fifth. The court must then charge the jury, which charge, upon the request of the prosecuting attorney, the defendant or his counsel made at any time before the commencement of the argument, shall be in writing and the instructions therein contained numbered and signed by the court. In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict. If he present the facts of the case he must inform the jury that they are the exclusive judges of all questions of fact, and that they have a right, also, to determine the law.

Sixth. If the prosecuting attorney, the defendant or his counsel desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party or his attorney asking them, and delivered to the court before the commencement of the argument. Such charge or charges of the court, or any special instructions, when so written and given by the court, shall in no case be orally qualified, modified or in any manner orally explained to the jury by the court.

Ind.Rules of Procedure, Criminal Rule 8(B) reads:

(B) The court shall indicate on all instructions, in advance of the argument, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury and before argument, or specific written objections to each instruction may be submitted to the court before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required.

ever, the judge's right to communicate with the jury in open court during their deliberation, to withdraw erroneous instructions and give additional ones, is undoubted. *Hall v. State*, (1856) 8 Ind. 439; *Purdy v. State*, (1977) Ind., 369 N.E.2d 633; *Jameison v. State*, (1978) Ind., 377 N.E.2d 404. We do not think these provisions were meant to ban any and all supplementary instructions.

Moreover, the recent case of *Brannum v. State*, (1977) Ind., 366 N.E.2d 1180, does not contradict this view. In that case, the trial court judge gave a supplementary instruction emphasizing a certain aspect of the law mentioned by the defense counsel in closing argument which the judge apparently thought was hindering the jury's deliberations. The Indiana Supreme Court found this to be reversible error, relying in part on the violation of the IC 35–1–35–1 procedure. It seems to us that *Brannum* was more concerned with the prejudice raised by emphasizing a particular aspect of evidence or law in giving a supplemental instruction, rather than the procedural violation. We further note that in the instruction before us the judge cautions the jury that the instruction is not more important than the others and should be considered together with and as a part of the other instructions.

The verdict of the jury is affirmed.

LOWDERMILK, J., concurs.

HOFFMAN, J., (sitting by designation) concurs.