**Donald Lee DURDEN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–978A234.

Court of Appeals of Indiana, Third District.

June 19, 1980.
Rehearing Denied July 16, 1980.

Timothy M. Mikula, LaPorte, for appellant.

Theo. L. Sendak, Atty. Gen., Jeffery K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Donald Durden was convicted in a jury trial of first-degree burglary for which he was sentenced for a period of not less than ten nor more than twenty years. His appeal raises these questions:

(1) whether the trial court erred in giving supplemental instructions;

(2) whether the trial court erred in not granting additional argument on the supplemental instructions;

(3) whether the supplemental instruction on accomplice liability was an improper amendment to the Information; and

(4) whether there was sufficient evidence to sustain the conviction.

The circumstances giving rise to the first three issues occurred in this manner: During final argument Durden emphasized to the jury that it was only being asked to assess his culpability as a principal insofar as the Information had not charged him as an accomplice. Furthermore, none of the final instructions as originally given addressed the issue of whether Durden could be found guilty as an accomplice. After deliberating for three hours and thirty-five minutes the jury sent a written communication to the judge which read as follows:

"In defining breaking are we restricted to considering one individual or can it be construed as being in conjunction with someone else?"

At this point the trial court indicated to the parties that it intended to re-read all of the previously-given instructions and to add the following supplemental instruction:

"Where two or more defendants act in concert to commit a burglary, it is not essential that participation of any one defendant in each element of the crime be established. It is immaterial whether the defendant personally broke and entered if the evidence is sufficient to establish that his confederates did. The act of one is attributable to them all."

It also permitted Durden to submit a supplemental instruction which stated that mere presence and guilty knowledge do not constitute a crime.

In pursuing this course of action the trial court opined:

"THE COURT: I will now read the two additional instructions that have been submitted to the Court, with the understanding all of the instructions will be read again, and we will not, outside of reading them, in any way emphasize these two new instructions. We will have to read all of the instructions. Is that understood, Mr. Mikula?"

Durden objected to the court's supplemental instruction on the grounds that: (1) it was an improper statement of the law; (2) it denied counsel the right to comment to the jury upon instructions; and (3) it violated due process in that the charge of aiding and abetting was not contained in the Information. However, Durden did not make a specific request for further argument. Shortly thereafter the jury returned a verdict of guilty.

Durden maintains that the giving of supplemental instructions constituted reversible error because it violated the requirements of IC 1971, 35–1–35–1 (Burns 1979 Repl.) and the mandates set forth in *Brannum v. State* (1977), Ind., 366 N.E.2d 1180. A similar argument was rejected in

*Guffey v. State* (1979), Ind.App., 386 N.E.2d 692, at 698–699:

"Guffey, Sr. further contends that the giving of the instruction was fundamental error in that it violated the procedural requirements of IC 35–1–35–1 and Criminal Rule 8(B) of the Trial Rules.

"It is true that neither of these rules contemplate supplemental instructions. However, the judge's right to communicate with the jury in open court during their deliberation, to withdraw erroneous instructions and give additional ones, is undoubted. *Hall v. State,* (1856) 8 Ind. 439; *Purdy v. State,* (1977) Ind., 369 N.E.2d 633; *Jameison v. State,* (1978) Ind., 377 N.E.2d 404. We do not think these provisions were meant to ban any and all supplementary instructions.

"Moreover, the recent case of *Brannum v. State,* (1977) Ind., 366 N.E.2d 1180, does not contradict this view. In that case, the trial court judge gave a supplementary instruction emphasizing a certain aspect of the law mentioned by the defense counsel in closing argument which the judge apparently thought was hindering the jury's deliberations. The Indiana Supreme Court found this to be reversible error, relying in part on the violation of the IC 35–1–35–1 procedure. It seems to us that *Brannum* was more concerned with the prejudice raised by emphasizing a particular aspect of evidence or law in giving a supplemental instruction, rather than the procedural violation. We further note that in the instruction before us the judge cautions the jury that the instruction is not more important than the others and should be considered together with and as a part of the other instructions." (Footnote omitted)

Another factor distinguishing *Brannum* from the case at bar is that there the jury had already been instructed on the subject in question and the supplemental instruction did nothing more than re-emphasize it. By contrast the jury here had been incompletely instructed. Thus, the supplemental instruction tendered by the trial court was necessary to fully inform the jury of applicable law.

Alternatively Durden insists that the trial court erred in not granting him additional argument on the supplemental instructions. Whether further argument should be permitted after the giving of supplemental instructions is a matter which rests within the discretion of the trial court. *State v. Linden* (1932) 171 Wash. 92, 17 P.2d 635. Ordinarily where a new element is introduced in a supplemental instruction the sound exercise of judicial discretion will require further argument. *State v. Bullocks* (1978), 2 Kan.App.2d 48, 574 P.2d 243. *Cf.: Cowan v. McElroy* (1977) Mo.App., 549 S.W.2d 543 (will contest).

Although there are few cases which deal with the issue the general rule seems to be that a defendant must make a timely demand for additional argument on new or different principles of law contained in supplemental instructions. 15 A.L.R.2d 490 (1951). In *Manasco v. State* (1912) 104 Ark. 397, 148 S.W. 1025, the court amended an instruction after argument had been closed. On appeal it was urged that re-argument should have been permitted. It was said:

"The court, having given the instruction, should have permitted appellant's counsel, if he desired, to argue the instruction as amended; but he did not make a specific request of the court to grant him such permission, and he cannot complain here for the first time that it was error in not allowing him to argue the instruction as amended. It does not appear that he asked permission of the court to argue the instruction after it had been amended. If he had made such request and the court had refused it, then he would have been in an attitude to have the alleged error reviewed here."

148 S.W. at 1029.

And in *Jackson v. State* (1949) 216 Ark. 341, 225 S.W.2d 522, there appears the following language:

"Where after the argument, and even after the submission of the case to the jury, a new phase of the case is presented by additional instructions, counsel should

be permitted to reargue the case as to that phase or branch of it, upon seasonable request; . . . ."

225 S.W.2d at 524.

Having failed to make a specific request of the court to grant him permission to argue the supplemental instructions, Durden cannot be heard to complain that he was denied the right to present a meaningful final argument on the law and evidence. This requirement is not a mere technicality. It is necessary for the purpose of alerting the trial court to the fact that the defendant does indeed desire additional argument since trial strategy may sometimes dictate otherwise. Even if Durden felt that the trial court would not grant him permission it was still imperative to make the request so as to make a record for appeal.

■ Durden next contends that the supplemental instruction on accomplice culpability was tantamount to an improper and untimely amendment of the Information which charged him only as a principal. This contention was disposed of in *Brunaugh v. State* (1910), 173 Ind. 483, at 506–507, 90 N.E. 1019, at 1028–1029:

"The particular crime, in this case, alleged against the appellant is, under the express and positive averments of the indictment, certain, at least to a common intent. The indictment fully informs the accused that on the trial he will be required to meet the charge that he unlawfully, feloniously, knowingly, designedly, and with intent to cheat and defraud the city of Indianapolis, made out and presented to the board of public works of that city for allowance the false and fraudulent claim in question, and that he knew that such claim was false and fraudulent at the time it was presented. This is the particular offense charged, and the one which the court and jury, under the averments of the indictment, must have understood was to be tried and determined. In these respects the indictment is fully sustained by the decision in the case of *State v. Metsker* [(1908), 169 Ind. 555, 83 N.E. 241]. Under the charge as made in the indictment, appellant, in the eye of the law, must be held to have been apprised of the kind of evidence which the State might introduce and rely upon to prove him guilty of the crime as charged. He must be presumed to know the law. Consequently, he may be said in a legal sense to have been advised by the indictment of the nature of the evidence which the state, under the law, would be permitted to introduce and rely upon to secure his conviction of the offense charged. Under the law he was required to know that the state would not be confined alone to showing that he made out and presented the claim in controversy, but that the state, without any additional allegations or averments in its pleading than those therein contained, would be legally authorized to prove, under § 2095, *supra*, Burns' St. 1908, that he aided or abetted another in the commission of the felonious offense charged, or that he had counselled, encouraged, hired or procured another person to commit it, and therefore might be charged by the state in the indictment as a principal, and tried and convicted in like manner as if he were the principal criminal. *Williams v. State* (1874), 47 Ind. 568; *Rhodes v. State* (1891), 128 Ind. 189, 25 Am.St. 429."

*See also: Schmidt v. State* (1970), 255 Ind. 443, 265 N.E.2d 219; *Parrett v. State* (1928), 200 Ind. 7, 159 N.E. 755.

■ Lastly, Durden claims the evidence was insufficient to sustain his conviction because it failed to establish that he personally broke and entered the house. The record reflects that the William Conrad residence was burglarized on May 5, 1975. Mrs. Conrad testified that she had locked the house upon leaving for work earlier that day. When Mr. Conrad arrived home in the evening he discovered that the front door was ajar, its windowpane shattered. Upon entering he found various articles missing and others scattered throughout the house.

Investigation by the LaPorte Police Department uncovered a latent fingerprint from the broken glass. It was later identified as belonging to Durden.

Donald Williams testified that he sat in an automobile in the Conrad's driveway operating as a lookout while Durden and Larry McCraney approached the house. From his vantage point he could not tell for sure who actually broke the window but he thought that it was McCraney. Subsequently, Williams assisted them in carrying the stolen goods from the house to the car.

■ This evidence was sufficient to establish that Durden was an accessory to the burglary irrespective of whether he broke the window himself. The act of one confederate is attributable to all. *Tinsley et al. v. State* (1973), 260 Ind. 577, 298 N.E.2d 429, supplemented 262 Ind. 141, 312 N.E.2d 72.

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The Majority's invocation of the doctrine of waiver is simply not warranted in the circumstances before us. Rather than resort to a harsh application of waiver principles, this Court should have addressed the merits of Durden's contention that the trial court erred in failing to provide additional arguments on the supplemental instructions.

I note at the outset that the impetus for the supplementary instructions given by the trial court was the State's failure to object to the absence of a final instruction on Durden's potential culpability as an accomplice. The final instructions given by the court asked the jury to assess Durden's culpability only in terms of his role as a principal. During final argument, Durden's attorney stressed to the jury that its assessment of his client's role in the charged offense was limited to the question whether he had committed all elements of the crime charged, as the State had alleged in the charging instrument.

Apparently mindful of the limitations imposed on its evaluation of the evidence, the jury, after three and one-half hours of deliberation, sent the following question to the trial judge:

"In defining breaking are we restricted to considering one individual or can it be construed as being in conjunction with someone else?"

The jury's inquiry prompted the court to give a supplementary instruction on Durden's potential culpability as an accomplice. Shortly after the instruction was given, the jury returned its guilty verdict.

As the Majority has held, the fact that the supplementary instruction was given did not constitute reversible error. *Guffey v. State* (1979), Ind., 386 N.E.2d 692, 698. As explained in *Guffey,* the trial judge's right to communicate with the jury in open court during their deliberations provides the justification for supplementary instructions. This is true notwithstanding the fact neither IC 1971, 35–1–35–1 (Burns 1979 Repl.) nor Ind. Rules of Procedure, Criminal Rule 8 "contemplate" supplemental instructions. *Guffey v. State, supra* at 699.

Similarly, our rules and statutes in no way "contemplate" additional or supplementary final arguments. Both the State and the defendant are, of course, granted the right to present a final argument to a jury, wherein they are permitted to comment upon the evidence as it relates to the court's instructions. IC 1971, 35–1–35–1, *supra; Shelby v. State* (1972), 258 Ind. 439, 281 N.E.2d 885, 887. Whether a party might be entitled to a second final argument in the wake of a supplementary final instruction is a question which—at least heretofore—had never been addressed by the Courts of this state.

Consequently, it was without statutory authority or case precedent to guide him that Durden's attorney confronted the trial court's proposal to give a supplementary instruction to the jury during its deliberation. One of Durden's objections to the supplementary instruction was the following:

"Secondly, this denies counsel the right to comment to the jury upon instructions as was previously granted during final argument."

Durden's objection was obviously predicated on the belief that—as IC 1971, 35–1–35–1, *supra* indicates—a party is entitled to only one opportunity to present final argument.

If, after his objection was overruled, Durden's attorney did entertain a notion to specifically request an unprecedented opportunity to make a second final argument to the jury, that avenue was abruptly foreclosed by the trial court. The court ordered:

"State now submits as an additional instruction to be read to the jury, Instruction 19A to which defendant objects to said instruction. Defendant submits its additional instruction 19B to which State offers no objection. The court now orders both additional Instructions read to the jury along with the original instructions and *without further comment by either parties.*" (Emphasis added.).

In the face of the court's unequivocal pronouncement, a motion by Durden's attorney for a second final argument would have been a futile act.

The Majority holds, however, that the failure of Durden's attorney to make that specific motion constitutes a waiver of Durden's right to complain that he was denied his right to present a meaningful final argument. As authority for its conclusion, the Majority relies on 15 A.L.R.2d 490, together with decisions rendered by the Arkansas Supreme Court in 1949 and 1912. For various reasons, I am unable to join in the Majority's reliance on these authorities and its consequent invocation of the doctrine of waiver.

My unwillingness to join in the Majority's refusal to reach the merits of Durden's argument is based in large part on the circumstances which surround the supposed "waiver." The State's neglect created the awkward situation whereby—subsequent to Durden's final argument—Durden was exposed to imprisonment on a second basis. The consequences of the State's oversight

was that Durden's attorney was suddenly required to dispute the propriety of a seldom implemented vehicle—the supplementary instruction. I cannot say that in these circumstances, this Court should refuse to address Durden's contention because his attorney failed to act in accordance with 1912 and 1949 Arkansas decisions or the materials contained in a two-page 1951 A.L.R. annotation. Such a harsh standard is particularly offensive in light of the fact that "supplementary" final arguments are neither contemplated in Indiana statutes or court rules nor established in case precedent.

My disagreement with the Majority's refusal to address the merits of Durden's argument is also prompted by the trial court's pronouncement that neither party would be permitted to make additional comment upon the supplementary instructions. The Majority emphasizes that notwithstanding the fact that a motion for additional argument would have been a futile act, the motion was still necessary for the purpose of establishing a record for appeal. It cannot be doubted that but one claim would lie as a basis for that motion—that the supplementary instruction necessitates additional argument in order to effectively protect the right to present a meaningful final argument. That very proposition has in fact been argued by Durden at every appropriate stage of the proceedings before us. We need not be soothsayers to recognize the basis for the allegation of error which Durden requests this Court to address. The purpose and spirit of the rule has been satisfied; there is no valid reason for this Court to depart from the long-standing preference of the Courts of this State to dispose of cases on their merits. *Williams v. State* (1969), 253 Ind. 316, 253 N.E.2d 242, 243; *West v. Indiana Insurance Co.* (1969), 253 Ind. 1, 247 N.E.2d 90, 97; *Cunningham v. Hiles* (1979), Ind.App., 395 N.E.2d 851, 854.

The question which the Majority has refused to address does not involve a technical defect of inconsequential impact. Rather, the issue raised by Durden strikes at the

very heart of fair trial guarantees—the right to effective representation of counsel. The right to present a meaningful final argument to the jury is guaranteed to defendants by the 6th and 14th Amendments to the United States Constitution. *Herring v. New York* (1975), 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593. In *Herring*, the Supreme Court described the significant role final argument plays in a criminal proceeding:

"It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt. See *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

"The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment." 422 U.S. at 862, 95 S.Ct. at 2555.

Here, Durden had been informed prior to his final argument—consistent with the procedure outlined in Criminal Rule 8(B)—[1] that the jury would only be asked to assess his culpability as a principal. Thus, Durden did not attack or discredit that testimony which merely placed him at the scene of the crime. In fact, he demurred to that testimony. There was no reason for him to do otherwise in light of what he was led to believe would be the only theory of culpability.

However, the demurrer which was so justified in light of the final instructions proved fatal when the trial court submitted the supplemental instruction, because the facts to which Durden had demurred provided the basis for culpability under the supplemental instruction. Furthermore, not only did the supplemental instruction totally emasculate the theory of defense upon which Durden had predicated his final argument but it also presented a theory of culpability which Durden was not allowed to address.

As Justice Pivarnik stated in *Brannum v. State* (1977), Ind., 366 N.E.2d 1180, 1185:

"(I)n order for the criminal justice system to survive, our courts must be forums in which all parties can receive a fair and impartial trial."

A fair trial includes the opportunity to present a meaningful final argument on the law and evidence. Durden was denied that opportunity.[2]

I dissent.

---

1. Criminal Rule 8(B) provides in pertinent part:
   "(B) The court *shall indicate* on all instructions, *in advance of the argument*, those that are to be given and those refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions . . . ." (Emphasis added.).

2. While the question raised by Durden might arguably be reached by this Court on the basis of the fundamental error doctrine (*see Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822), it would not be necessary, as explained in the text, to invoke that doctrine here.